**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| FÉLIX IRAHETA, <br><br> *Plaintiff,* <br><br> v. <br><br> MONTGOMERY COUNTY, TEXAS, et al., <br><br> *Defendants.* | Civil Action No. 4:26-cv-01355 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS O'NEILL'S AND MONTGOMERY COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS AND BOEREMA'S MOTION TO DISMISS (DOC. 13)**

## <u>COVER SHEET</u>

**Moving Parties:** Defendant Deputy Joseph Michael O'Neill; Defendant Montgomery County, Texas; Defendant Specialist Timothy J. Boerema.

**Relief Requested by Moving Parties:** Judgment on the pleadings (Rule 12(c)) and dismissal (Rule 12(b)(6)) with prejudice. Doc. 13.

**Relief Requested by Plaintiff:** Denial of Doc. 13; alternatively, if the Court identifies pleading deficiencies, leave to amend. Doc. 4 ¶¶ 150–155.

## TABLE OF CONTENTS

I. Nature and Stage of the Proceeding ...........................................................................1

II. Introduction ............................................................................................................1

III. Facts Necessary to Resolution of This Motion........................................................2

    A. The Complaint pleads multiple distinct episodes with escalating injury-
obviousness.............................................................................................................2

    B. Defendants' "dispositive video" theory rests on four bounded excerpts from
one BWC unit..........................................................................................................2

    C. Plaintiff's limited expanded context set (Bridge Context + Nesting) ........3

    D. One contemporaneous second angle only where it matters (hospital hallway)
...................................................................................................................................3

    E. Plaintiff does not concede completeness of the incident-media universe...4

IV. Episode Map.............................................................................................................4

V. Issues Presented..........................................................................................................5

VI. Standard of Review...................................................................................................6

VII. Summary of the Argument ......................................................................................6

VIII. Argument...............................................................................................................8

    A. Gateway: Defendants cannot obtain dismissal by excerpt-driven factfinding
at Rule 12..................................................................................................................8

    B. Issue 1: Extraction / placement ................................................................9

    C. Issue 2: Hospital hallway/bed...................................................................10

    D. Issue 3: Blood draw .................................................................................11

    E. Issue 4: Medical care................................................................................12

    F. Issue 5: Failure to intervene and municipal liability ...............................13

    G. Qualified immunity .................................................................................14

IX. Conclusion and Requested Relief ...........................................................................16

    Plaintiff's Exhibit Index .................................................................................18

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. al-Kidd, 563 U.S. 731 (2011)* ........................................................6, 8, 15

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397 (1997)*...................7, 14

*Bush v. Strain, 513 F.3d 492 (5th Cir. 2008)*...........................................................8, 15

*City of Canton v. Harris, 489 U.S. 378 (1989)* ......................................................7, 14

*Connick v. Thompson, 563 U.S. 51 (2011)*...............................................................7, 14

*Deville v. Marcantel, 567 F.3d 156 (5th Cir. 2009)*................................................8, 15

*Easter v. Powell, 467 F.3d 459 (5th Cir. 2006)*.......................................................7, 13

*Farmer v. Brennan, 511 U.S. 825 (1994)* ...............................................................7, 12

*Graham v. Connor, 490 U.S. 386 (1989)*....................................................................7, 9

*Harmon v. City of Arlington, 16 F.4th 1159 (5th Cir. 2021)* ................. 3, 6, 8, 11, 15

*Kingsley v. Hendrickson, 576 U.S. 389 (2015)*.......................................................7, 10

*Kitchen v. Dallas Cnty., 759 F.3d 468 (5th Cir. 2014)*...........................................7, 13

*Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)*..............................................7, 14

*Newman v. Guedry, 703 F.3d 757 (5th Cir. 2012)* ..................................................8, 15

*Pearson v. Callahan, 555 U.S. 223 (2009)*.......................................................6, 7, 14, 15

*Peterson v. City of Fort Worth, 588 F.3d 838 (5th Cir. 2009)* ...............................7, 14

*Piotrowski v. City of Houston, 237 F.3d 567 (5th Cir. 2001)*.................................7, 14

*Saalim v. Walmart, Inc., 97 F.4th 995 (6th Cir. 2024)* ..........................................8, 15

*Scott v. Harris, 550 U.S. 372 (2007)*.......................................................3, 6, 8, 10, 15

*Tolan v. Cotton, 572 U.S. 650 (2014) (per curiam)* .................... 3, 6, 8, 10, 11, 13, 15

*Valle v. City of Houston, 613 F.3d 536 (5th Cir. 2010)* ..........................................7, 14

## Statutes

42 U.S.C. § 1983.......................................................................................................1

## Rules

Fed. R. Civ. P. 12(b)(6).........................................................................................1, 6

Fed. R. Civ. P. 12(c)..............................................................................................1, 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FÉLIX IRAHETA,

*Plaintiff,*

v.

MONTGOMERY COUNTY, TEXAS,
et al.,

*Defendants.*

Civil Action No. 4:26-cv-01355

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS O'NEILL'S AND MONTGOMERY COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS AND BOEREMA'S MOTION TO DISMISS (DOC. 13)**

## I. Nature and Stage of the Proceeding

Defendant Deputy Joseph Michael O'Neill and Defendant Montgomery County move for judgment on the pleadings under Rule 12(c). Defendant Specialist Timothy J. Boerema moves to dismiss under Rule 12(b)(6). Plaintiff asserts claims under 42 U.S.C. § 1983. Doc. 4 ¶¶ 33A, 103–142.

## II. Introduction

Plaintiff does not challenge the basis for the traffic stop or the fact of his arrest. Doc. 4 ¶¶ 2, 7. Plaintiff also does not challenge that Defendants sought and obtained a warrant for a blood draw. Doc. 4 ¶¶ 7, 62–62A. Plaintiff challenges the manner and degree of force used across discrete episodes, and the post-injury custodial handling

1

and medical-care failures while he remained in Defendants' custody. Doc. 4 ¶¶ 1–5, 36–84, 92–102A, 103–142.

This is not a single, isolated use-of-force moment. It is a multi-episode custodial sequence spanning: (1) the vehicle extraction; (2) post-injury handling and placement into the patrol SUV; (3) hospital hallway and bed placement; (4) blood-draw restraint; (5) discharge handling and transport; and (6) jail intake and continuity-of-care failures. Doc. 4 ¶¶ 36–84, 92–102A, 94–102A.

Defendants ask the Court to end this case with prejudice by treating four bounded excerpt windows from a single officer's body-worn camera as dispositive at the pleading stage. Doc. 13 at 13; Doc. 13-1, Exs. 1–4. That request fails because Defendants' excerpts do not eliminate competing reasonable inferences about compliance, injury-obviousness, and proportionality across the pleaded episodes. Doc. 4 ¶¶ 40–43A, 45–48, 49–54, 55–61, 63–64, 67–70, 71–80, 91–92.

### III. Facts Necessary to Resolution of This Motion (Factual Foundation for the Rule 12 Record)

**A. The Complaint pleads multiple distinct episodes with escalating injury-obviousness**

Plaintiff pleads a leveraged extraction causing an immediate left shoulder dislocation and associated fracture, followed by continued coercive handling after

the injury became obvious, followed by additional force in a controlled medical setting, followed by discharge interference and continuity-of-care failures at jail intake. Doc. 4 ¶¶ 45–48, 49–54, 55–64, 65–70, 71–80, 94–102A, 124–131.

**B. Defendants' "dispositive video" theory rests on four bounded excerpts from one BWC unit**

Defendants attach four video exhibits, all from Deputy O'Neill's X2/SafeFleet body-worn camera, and contend the videos are dispositive at the pleadings stage. Doc. 13 at 13; Doc. 13-1, Exs. 1–4.

As reflected in Plaintiff's Exhibit A (Defendants' Exhibit Index and Nesting Map), each defense clip is a bounded excerpt nested within a longer same-camera recording in Plaintiff's possession:

Defs. Ex. 1 (22:48:08–22:53:59) is nested within Pltf 1.6 (22:47:50–23:00:46).

Defs. Ex. 2 (00:00:28–00:01:33) is nested within Pltf 1.8 (00:00:24–00:01:33).

Defs. Ex. 3 (00:24:17–00:30:10) is nested within Pltf 1.9 (00:22:25–00:33:25).

Defs. Ex. 4 (01:15:19–01:17:00) is nested within Pltf 1.10 (01:15:15–01:19:33).

Defendants also attach hospital discharge paperwork and a bond record. Doc. 13-1, Exs. 5–6.

## C. Plaintiff's limited expanded context set (Bridge Context + Nesting) is submitted solely to rebut "dispositive clip" arguments

Plaintiff submits a limited expanded context set for a limited purpose: to demonstrate that Defendants' bounded excerpt windows do not foreclose Plaintiff's pleaded account and do not eliminate competing reasonable inferences.

For each Defense Exhibit 1–4, Plaintiff submits the longer same-camera window containing the excerpt (Pltf 1.6, 1.8, 1.9, 1.10) as "bridge context + nesting." See Pltf Ex. A (nesting map) and Pltf Ex. B (incident index).

Plaintiff does not ask the Court to find facts from video; Plaintiff asks the Court to reject Defendants' request to find facts from video. This is the narrow lane contemplated by *Scott v. Harris*, 550 U.S. 372 (2007); *Tolan v. Cotton*, 572 U.S. 650 (2014) (per curiam); and *Harmon v. City of Arlington*, 16 F.4th 1159 (5th Cir. 2021).

## D. One contemporaneous second angle only where it matters (hospital hallway)

Plaintiff also submits one narrow, contemporaneous second angle for the hospital hallway episode: Pltf 1.14 and Pltf 1.15 (BWC 16104, Davis). See Pltf Ex. C (Hospital Bridge Context Index). Plaintiff submits these two recordings only because

4

Defendants insist their forward-facing hallway excerpt (Defs. Ex. 2) is dispositive. Plaintiff submits them to demonstrate that competing reasonable inferences remain regarding compliance, proportionality, and the mechanics of pulling/propulsion. Doc. 4 ¶¶ 57A–57B, 58–61; Pltf Ex. C.

**E. Plaintiff does not concede completeness of the incident-media universe**

Plaintiff pleads that additional incident media exist in Defendants' possession, custody, or control and will be sought in discovery, including other deputies' BWCs and jail booking/intake and release-related video. Doc. 4 ¶¶ 6, 15, 18–23, 71–80. Plaintiff also pleads recording discontinuities warranting review of native files, metadata, and access/export/audit information. Doc. 4 ¶¶ 48A, 91.

Plaintiff does not submit "missing categories" videos he does not possess, and Plaintiff submits no broader categories of video beyond the minimal bridge context and the one second angle necessary to rebut Defendants' "dispositive clip" request at Rule 12.

**IV. Episode Map (Orientation Tool Tracking Defendants' Five "Issues")**

Defendants' Motion collapses distinct pleaded episodes into a single narrative keyed to four curated clips. Rule 12 requires the Court to assess plausibility episode-

by-episode; Defendants' motion instead asks the Court to draw Defendants' preferred inferences from bounded excerpts.

| Episode | Defense Window | Expanded Context | 2nd Angle | Pleaded Facts (one sentence) | Why Excerpts Do Not Foreclose |
|---|---|---|---|---|---|
| 1. Extraction | Defs. Ex. 1 | Pltf 1.6 | None | Leveraged extraction using vehicle frame as fulcrum against left upper extremity in a contained scene, causing immediate dislocation and fracture. Doc. 4 ¶¶ 40, 43–43A, 45–48. | Bounded excerpt does not eliminate competing inferences about need/proportionality and the pleaded leverage mechanism. Doc. 4 ¶¶ 40–43A, 45–48. |
| 2. Post-injury handling | Part of Defs. Ex. 1 | Pltf 1.6 | None | Continued coercive handling after injury-obviousness, including handcuffing and forced placement and suppression of pain complaints. Doc. 4 ¶¶ 49–54, 52–52D. | Defendants' narrative depends on choosing contested inferences (resistance vs. pain-limited compliance) that remain disputed. Doc. 4 ¶¶ 49–50, 52B–52D. |
| 3. Hospital hallway / bed | Defs. Ex. 2 | Pltf 1.8 | Pltf 1.14, 1.15 | Forceful hallway movement and bed restraint in a controlled medical setting while visibly injured. Doc. 4 ¶¶ 55–61, 92, 114–120. | Forward-facing clip does not eliminate competing inferences; second angle supports additional reasonable inferences about compliance and pulling/propulsion. Doc. 4 ¶¶ 57A–57B, 58–61; Pltf Ex. C. |
| 4. Blood draw | Defs. Ex. 3 | Pltf 1.9 | Pltf 1.16 (overlap) | Disproportionate restraint during warranted blood draw given known acute injury and distress. Doc. 4 ¶¶ 62A–64, 99. | Warrant does not resolve manner-of-execution reasonableness; excerpt does not eliminate inference of disproportionate restraint. Doc. 4 ¶¶ 62A–64. |
| 5. Discharge / continuity | Defs. Ex. 4–6 | Pltf 1.10 | None | Interference with stabilization at discharge and continuity-of-care failures at intake. Doc. 4 ¶¶ 65–70, 75, 79–80, 102A, 124–131. | Discharge paperwork and bond date do not conclusively negate pleaded interference/continuity failures at Rule 12. Doc. 4 ¶¶ 67–70, 79–83, 131. |

## V. Issues Presented (Tracking Defendants' Five "Issues")

Whether the Court may grant dismissal by treating Defendants' bounded excerpt windows as dispositive where the recordings do not eliminate competing reasonable inferences. Doc. 13 at 13; Doc. 4 ¶¶ 36–84, 92–102A.

6

Whether Plaintiff plausibly pleads excessive force during extraction and post-injury placement. Doc. 4 ¶¶ 40–43A, 45–52C, 94–97, 103–113.

Whether Plaintiff plausibly pleads excessive force during the hospital hallway/bed episode under seizure-stage analysis or the Fourteenth Amendment pretrial detainee standard. Doc. 4 ¶¶ 55–61, 92, 98–99, 114–120.

Whether Plaintiff plausibly pleads excessive force during the blood draw episode notwithstanding a warrant. Doc. 4 ¶¶ 62A–64, 99, 114–120.

Whether Plaintiff plausibly pleads deliberate indifference, failure to intervene, and municipal liability, and whether qualified immunity can be granted at Rule 12 without adopting Defendants' contested inferences from curated clips. Doc. 4 ¶¶ 65–70, 71–80, 121–142, 132–142.

## VI. Standard of Review

Rule 12(b)(6) and Rule 12(c) apply the same pleading standard. The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor. Doc. 13 at 10–12 (acknowledging Rule 12(b)(6)/12(c) standards); Doc. 4 ¶¶ 36–84.

When a court considers recordings at this stage, the recording may control only to the extent it clearly contradicts the plaintiff's version such that no reasonable factfinder could credit the complaint's account. *Scott v. Harris*, 550 U.S. 372 (2007).

Courts must not resolve competing inferences against the nonmovant. *Tolan v. Cotton*, 572 U.S. 650 (2014) (per curiam). In this Circuit, that principle constrains the use of recordings at Rule 12. *Harmon v. City of Arlington*, 16 F.4th 1159 (5th Cir. 2021).

Qualified immunity asks whether Plaintiff plausibly alleges a constitutional violation and whether the right was clearly established, and courts may address either prong first. *Pearson v. Callahan*, 555 U.S. 223 (2009). The clearly established inquiry must be particularized to the facts. *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011).

## VII. Summary of the Argument

Defendants' Motion should be denied.

First, Defendants' bounded excerpts—each nested within longer recordings and supplemented by a contemporaneous second angle where it matters—do not eliminate competing reasonable inferences regarding compliance, injury-obviousness, and proportionality, and therefore cannot be dispositive at Rule 12. Doc. 4 ¶¶ 40–43A, 45–48, 49–54, 55–61; Pltf Exs. A–C; *Scott v. Harris*, 550 U.S. 372 (2007); *Tolan v. Cotton*, 572 U.S. 650 (2014) (per curiam); *Harmon v. City of Arlington*, 16 F.4th 1159 (5th Cir. 2021).

Second, Plaintiff plausibly pleads excessive force across discrete episodes under the Fourth Amendment objective reasonableness framework. Doc. 4 ¶¶ 40–

43A, 45–52C, 55–61, 62A–64, 103–120; *Graham v. Connor*, 490 U.S. 386 (1989). For the hospital episode, Plaintiff pleads in the alternative under the Fourteenth Amendment pretrial detainee standard, which turns on objective unreasonableness of force purposely or knowingly used. Doc. 4 ¶ 92; *Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

Third, Plaintiff plausibly pleads deliberate indifference based on discharge interference and continuity-of-care breakdowns despite documented awareness and high-priority follow-up tasking later deleted without ensuring provider reassessment. Doc. 4 ¶¶ 65–70, 75, 79–80, 102A, 121–131; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Easter v. Powell*, 467 F.3d 459 (5th Cir. 2006).

Fourth, failure to intervene is plausibly pleaded and fact-intensive. Doc. 4 ¶¶ 16, 52–52C, 132–135A; *Kitchen v. Dallas Cnty.*, 759 F.3d 468 (5th Cir. 2014). Municipal liability is plausibly pleaded under demanding standards through allegations of policy/custom, policymaker responsibility, deliberate indifference in training/supervision, notice, and moving-force causation. Doc. 4 ¶¶ 11–13, 85–90, 136–142; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001); *City of Canton v. Harris*, 489 U.S. 378 (1989); *Connick v. Thompson*, 563 U.S. 51 (2011); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397 (1997).

Finally, qualified immunity cannot be granted on excerpt-driven inferences where the reasonableness analysis turns on disputed facts and competing inferences, and Plaintiff's clearly established right is pleaded at the appropriate specificity. Doc. 4 ¶¶ 40–43A, 45–52C, 55–61, 67–70; *Pearson v. Callahan*, 555 U.S. 223 (2009); *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011); *Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009); *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008); *Newman v. Guedry*, 703 F.3d 757 (5th Cir. 2012).

## VIII. Argument

### A. Gateway: Defendants cannot obtain dismissal by excerpt-driven factfinding at Rule 12

Defendants' core move is procedural: because Plaintiff referenced recordings, Defendants contend bounded excerpts are admissible and dispositive at Rule 12. Doc. 13 at 13; Doc. 4 ¶¶ 48A, 59A, 63A, 68A.

That is not the governing standard. Video may control only in the narrow circumstance where it eliminates any reasonable dispute and makes the plaintiff's version impossible for any reasonable factfinder to credit. *Scott v. Harris*, 550 U.S. 372 (2007). Courts may not resolve competing inferences against the nonmovant. *Tolan v. Cotton*, 572 U.S. 650 (2014) (per curiam). In this Circuit, that principle

10

constrains the use of recordings at Rule 12. *Harmon v. City of Arlington*, 16 F.4th 1159 (5th Cir. 2021).

Application: Defendants' four exhibits are bounded excerpts from one officer's BWC. Pltf Ex. A shows each excerpt is nested within a longer same-camera export (Pltf 1.6, 1.8, 1.9, 1.10), and Pltf Ex. C shows a contemporaneous second angle exists for the hallway episode (Pltf 1.14/1.15) that bears directly on the inferences Defendants ask the Court to draw from Defs. Ex. 2. Doc. 4 ¶¶ 57A–57B, 58–61; Pltf Exs. A–C.

Result: The Court must credit the First Amended Complaint's factual allegations and reasonable inferences. Plaintiff does not ask the Court to find facts from video; Plaintiff asks the Court to reject Defendants' request to find facts from video.

## B. Issue 1: Extraction / placement: Plaintiff plausibly pleads excessive force; video does not foreclose competing inferences

Defendants frame Issue 1 as whether pulling Plaintiff from the driver's seat and placing him in the patrol vehicle was reasonable because he refused commands. Doc. 13 at 13–16.

Excessive force during an arrest or investigatory stop is evaluated under objective reasonableness. *Graham v. Connor*, 490 U.S. 386 (1989). Plaintiff plausibly

11

pleads excessive force in both the extraction and post-injury handling/placement episode(s). Doc. 4 ¶¶ 40–43A, 45–48, 49–52C, 94–97, 103–108.

**Episode 1 (extraction): "need / amount / context" plausibly supports unreasonableness.**

Need for force (low as pleaded): contained scene, saturated perimeter, no plausible route of flight, no immediate threat at the moment force was initiated. Doc. 4 ¶¶ 40, 43A.

Amount/type of force (high-risk as pleaded): leveraged extraction using vehicle frame as fulcrum against left upper extremity while torso remained constrained. Doc. 4 ¶¶ 45–48.

Context modifiers: controlled, non-emergency circumstances and rapid escalation to a high-leverage technique with foreseeable severe orthopedic injury risk. Doc. 4 ¶¶ 40A–40D, 43, 48.

On those allegations, the Court cannot dismiss by adopting Defendants' inference that "soft hands" necessarily equals reasonable force. The plausibility inquiry is proportionality of the method and degree of force to the governmental need as pleaded. *Graham v. Connor*, 490 U.S. 386 (1989).

**Episode 2 (post-injury handling and placement): continued coercive handling after notice is plausibly unreasonable.**

12

Plaintiff pleads continued coercive handling after injury-obviousness, including handcuffing and forced placement despite an acute shoulder injury and repeated pain complaints. Doc. 4 ¶¶ 49–54, 52B–52D, 96–97.

Defendants' own Motion acknowledges that Plaintiff told officers his shoulder was dislocated and the response was dismissal of that complaint while continued coercive handling occurred. Doc. 13 at 14–15. Whether continued coercive handling was objectively unreasonable after such notice turns on disputed inferences; it cannot be resolved at Rule 12 on a bounded excerpt unless the excerpt eliminates any reasonable dispute. *Tolan v. Cotton*, 572 U.S. 650 (2014) (per curiam); *Scott v. Harris*, 550 U.S. 372 (2007).

## C. Issue 2: Hospital hallway/bed: Plaintiff plausibly pleads excessive force under seizure-stage analysis or Kingsley alternative

Defendants frame Issue 2 as whether Deputies used excessive force while walking Plaintiff down the hospital hallway and placing him on the bed. Doc. 13 at 16–18. Plaintiff pleads forceful hallway movement and bed restraint in a controlled medical setting while visibly injured and pain-limited. Doc. 4 ¶¶ 55–61, 92, 98–99, 114–117.

Plaintiff pleads the hospital phase in the alternative depending on how the Court characterizes custody status. Doc. 4 ¶ 92; Doc. 4 ¶¶ 118–120. If treated as

pretrial detainee force, Plaintiff need not litigate subjective intent to punish; the question is whether the force purposely or knowingly used was objectively unreasonable under the circumstances. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

Here, Defendants' "dispositive" request depends on choosing Defendants' inferences about noncompliance and minimal force from a short, forward-facing excerpt. Doc. 13 at 16–18. Plaintiff's limited bridge context and contemporaneous second angle are submitted only to show the opposite: competing reasonable inferences remain (including inferences about compliance and pulling/propulsion mechanics). Doc. 4 ¶¶ 57A–57B, 58–61; Pltf Ex. C. Under *Scott/Tolan/Harmon*, dismissal is improper. *Scott v. Harris*, 550 U.S. 372 (2007); *Tolan v. Cotton*, 572 U.S. 650 (2014) (per curiam); *Harmon v. City of Arlington*, 16 F.4th 1159 (5th Cir. 2021).

## D. Issue 3: Blood draw: warrant does not resolve manner-of-execution reasonableness; competing inferences remain

Defendants frame Issue 3 as whether holding Plaintiff's arm during a warranted blood draw can constitute excessive force. Doc. 13 at 18–19. Plaintiff does not challenge the warrant. Plaintiff challenges the manner and degree of restraint used during execution in the context of a known acute injury and distress. Doc. 4 ¶¶ 62A–64, 99.

Applying the same "need / amount / context" triad to the pleaded episode:

14

Need for force: Plaintiff pleads he was already restrained/in custody in a controlled hospital setting. Doc. 4 ¶¶ 55, 62A.

Amount/type of force: Plaintiff pleads unnecessary/disproportionate restraint force given the circumstances. Doc. 4 ¶ 63.

Context modifiers: Plaintiff pleads acute injury and pain behavior supporting the inference that movements labeled "resistance" were involuntary protective reactions rather than aggression or obstruction. Doc. 4 ¶ 64.

Defendants' excerpt does not eliminate competing reasonable inferences about proportionality and need, so dismissal is improper at Rule 12. *Tolan v. Cotton*, 572 U.S. 650 (2014) (per curiam); *Harmon v. City of Arlington*, 16 F.4th 1159 (5th Cir. 2021).

## E. Issue 4: Medical care: episodic deliberate indifference plausibly pleaded (discharge interference + jail continuity-of-care)

Defendants frame Issue 4 as whether there can be deliberate indifference where Plaintiff was "cleared for jail" and the jail scheduled follow up. Doc. 13 at 19–22; Doc. 13-1, Ex. 5.

Plaintiff pleads deliberate indifference through discharge interference and continuity-of-care failures despite documented awareness. Doc. 4 ¶¶ 65–70, 75, 78–

15

80, 102A, 121–131. Deliberate indifference requires actual awareness and disregard of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825 (1994).

To make the pleading posture explicit, Plaintiff plausibly alleges the four components:

**Serious medical need:** diagnosed dislocation and fracture requiring reduction, immobilization, and follow up. Doc. 4 ¶¶ 47, 65–66, 122.

**Actual awareness:** repeated pain complaints and visible impairment; hospital diagnosis; jail documentation reflecting awareness and tasking. Doc. 4 ¶¶ 52B–52D, 53–57, 75, 78–80, 102A, 123, 126.

**Disregard (not negligence):** discharge interference and deletion/cancellation of high-priority follow-up without ensuring provider reassessment. Doc. 4 ¶¶ 67–70, 79–80, 124, 127.

**Causation:** additional pain, delayed stabilization/continuity, and aggravation/delay leading to further treatment needs. Doc. 4 ¶¶ 81–84, 131, 143–149.

**O'Neill: discharge interference is plausibly pleaded notwithstanding "cleared for jail."**

Plaintiff pleads that after reduction/diagnosis, O'Neill interfered with stabilization and discharge process steps while exercising custodial control. Doc. 4

16

¶¶ 67–70, 100–101, 124. Defendants ask the Court to treat the discharge paperwork and bounded clip as foreclosing that inference. Doc. 13 at 19–21; Doc. 13-1, Exs. 4–5.

At Rule 12, the Court cannot adopt Defendants' inference set where competing reasonable inferences remain on the pleaded facts and the materials attached. *Tolan v. Cotton*, 572 U.S. 650 (2014) (per curiam).

**Jail continuity-of-care: documented awareness plus deletion of high-priority follow-up task supports plausibility.**

Plaintiff pleads intake documentation reflecting awareness and the creation of a high-priority follow-up task tied to hospital clearance/shoulder dislocation, later deleted without ensuring provider reassessment. Doc. 4 ¶¶ 75, 78–80, 102A, 126–131. A refusal or delay of needed care despite awareness of serious symptoms can support deliberate indifference. *Easter v. Powell*, 467 F.3d 459 (5th Cir. 2006).

**F. Issue 5: Failure to intervene and municipal liability: plausibly pleaded; not barred by Defendants' "no predicate violation" premise**

Defendants argue that if there is no constitutional violation by O'Neill, then Boerema cannot be liable for failure to intervene and the County cannot be liable. Doc. 13 at 22–23. That premise fails because Plaintiff plausibly pleads predicate constitutional violations. Doc. 4 ¶¶ 103–131.

17

**Failure to intervene (Boerema).**

Plaintiff pleads Boerema's presence during the post-injury period, his realistic opportunity to request medical assessment and/or intervene, and failure to do so. Doc. 4 ¶¶ 16, 52, 52A–52C, 132–135A. Whether there was a realistic opportunity to intervene is fact-intensive and not suitable for dismissal by adopting Defendants' preferred timeline inferences. *Kitchen v. Dallas Cnty.*, 759 F.3d 468 (5th Cir. 2014).

**Municipal liability (County).**

Municipal liability requires a policy/custom attributable to the municipality that is the moving force behind the constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001). Failure-to-train and related theories require deliberate indifference and a close relationship to the injury. *City of Canton v. Harris*, 489 U.S. 378 (1989). Causation and culpability standards are rigorous, and pattern-based proof is ordinarily required. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397 (1997); *Connick v. Thompson*, 563 U.S. 51 (2011). Fifth Circuit law likewise emphasizes deliberate indifference and moving-force causation. *Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010). And the Circuit is skeptical of "custom" showings that are not truly widespread. *Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009).

18

Here, Plaintiff plausibly pleads a County custom and deliberate indifference in training/supervision regarding high-risk extraction tactics and post-injury custodial handling (including hospital custody and discharge handling), supported by policymaker responsibility allegations, institutional reinforcement allegations, alleged pre-incident notice of similar extraction conduct, and alleged training/supervision deficiencies tied to the injury mechanism. Doc. 4 ¶¶ 11–13, 85–90, 136–142. At Rule 12, Plaintiff need only plead plausibility, and Defendants cannot defeat plausibility by converting bounded clips into municipal exoneration as a matter of law. Doc. 13 at 22–23; Doc. 4 ¶¶ 136–142.

**G. Qualified immunity cannot be granted on excerpt-driven inferences; clearly established law is pleaded at appropriate specificity**

Qualified immunity asks whether Plaintiff plausibly alleges a constitutional violation and whether the right was clearly established; courts may address either prong first. *Pearson v. Callahan*, 555 U.S. 223 (2009). The clearly established inquiry must be particularized. *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011).

Defendants' qualified-immunity request depends on excerpt-driven factfinding: adoption of contested inferences about resistance, proportionality, and injury-obviousness across multiple episodes. Doc. 13 at 13–19. That is not permitted at the pleading stage absent a recording that eliminates any reasonable dispute. *Scott*

19

*v. Harris*, 550 U.S. 372 (2007); *Tolan v. Cotton*, 572 U.S. 650 (2014) (per curiam); *Harmon v. City of Arlington*, 16 F.4th 1159 (5th Cir. 2021).

On clearly established law, Plaintiff's pleaded right is not a high-level abstraction. It is particularized to the pleaded circumstances: the right to be free from significant, disproportionate force in a low-threat context and continued coercive handling after notice of acute injury. Doc. 4 ¶¶ 40–43A, 45–48, 49–52C, 55–61. Fifth Circuit authority recognizes that rapid escalation to significant force in a low-threat context may be unreasonable and that significant force against a restrained/subdued person may violate clearly established law. *Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009); *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008); *Newman v. Guedry*, 703 F.3d 757 (5th Cir. 2012).

Out-of-circuit persuasive authority also reflects the same limitation on "video-controls" arguments at the pleading/judgment-on-the-pleadings stage: courts may rely on video only to the extent it clearly and unequivocally contradicts the plaintiff's allegations; otherwise the allegations control. *Saalim v. Walmart, Inc.*, 97 F.4th 995 (6th Cir. 2024).

Accordingly, Defendants are not entitled to qualified immunity on the pleadings.

20

## IX. Conclusion and Requested Relief

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion (Doc. 13).

In the alternative, if the Court is inclined to treat Defendants' video exhibits as dispositive at the Rule 12 stage, Plaintiff requests that any such consideration be anchored in the complete corresponding recordings (i.e., the longer nested windows identified in Pltf Ex. A and submitted in Pltf Ex. B), and, as appropriate, native-file production and certification of completeness (including relevant metadata/audit information), rather than isolated segments. Doc. 4 ¶¶ 6, 48A, 91; Pltf Exs. A–B.

Further in the alternative, if the Court identifies pleading deficiencies, Plaintiff requests leave to amend rather than dismissal with prejudice.

Respectfully submitted,

**O. RODRIGUEZ LAW, PLLC**

*/s/ Orlando Rodriguez*
**ORLANDO RODRIGUEZ**
State Bar No. 24037382
700 Louisiana St., Suite 3950
Houston, Texas 77002
Telephone: (713) 239-2300
Email: efile@orodriguezlaw.com

**ATTORNEY FOR PLAINTIFF**

21

## CERTIFICATE OF WORD COUNT

I certify that this Response contains 4,699 words, exclusive of the caption, cover sheet, table of contents, table of authorities, signature block, and certificates, in compliance with the Court's word-count requirements.

*/s/ Orlando Rodriguez*

## CERTIFICATE OF SERVICE

I certify that on April 2, 2026, a true and correct copy of the foregoing Response and Exhibit Index was served on all counsel of record via the Court's CM/ECF electronic filing system. Plaintiff's video exhibits (Pltf Exs. A, B, and C) are being delivered in native format on USB drive to the Case Manager and to Defendants' counsel on the next business day.

*/s/ Orlando Rodriguez*

22

**PLAINTIFF'S EXHIBIT INDEX**

| Exhibit | Description |
|---|---|
| Pltf Ex. A | Defendants' Exhibit Index and Nesting Map (showing Defs. Exs. 1–4 nested within Pltf 1.6, 1.8, 1.9, 1.10) |
| Pltf Ex. B | Incident Video Index (bridge context recordings: Pltf 1.6, 1.8, 1.9, 1.10) |
| Pltf Ex. C | Hospital Bridge Context Index (contemporaneous second angle: Pltf 1.14, 1.15 (BWC 16104, Davis)) |

Plaintiff's video exhibits referenced above are submitted in native format on a USB drive delivered to the Case Manager for Judge Eskridge, as native video files exceed CM/ECF upload limitations. A copy of the USB contents will be provided to Defendants' counsel by the same means.

23