IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FELIX IRAHETA,

*Plaintiff,*

v.

MONTGOMERY COUNTY, TEXAS,
et al.,

*Defendants.*

Civil Action No. 4:26-cv-01355

**PLAINTIFF'S MOTION FOR ORDER CONFIRMING UNDISPUTED FACTS
FOR CASE-MANAGEMENT PURPOSES BASED ON DEFENDANTS
MONTGOMERY COUNTY AND O'NEILL'S ANSWER (DOC. 10)**

**INTRODUCTION**

Plaintiff Felix Iraheta respectfully moves for a limited case-management order

confirming that twenty-two discrete historical facts are undisputed as between

Plaintiff and Defendants Montgomery County, Texas and Deputy Joseph Michael

O'Neill. Each of those facts is expressly admitted in Defendants' Answer (Doc. 10).

A side-by-side admissions chart matching each proposed confirmed fact to the

verbatim admission language is attached as Exhibit 1.

This motion does not seek summary judgment. It does not ask the Court to

resolve any contested question of law or fact. It asks only that the Court confirm, for

1

case-management purposes, what Defendants have already conceded in their operative pleading, so that the parties and the Court can focus discovery and motion practice on the issues that remain genuinely in dispute.

## I. NATURE AND STAGE OF THE PROCEEDING

Defendants Montgomery County, Texas and Deputy Joseph Michael O'Neill have appeared and filed an Answer to Plaintiff's First Amended Complaint. (Doc. 10.) The Court has entered a Scheduling and Docket Control Order and will conduct an initial pretrial conference. (Doc. 9; Doc. 22.)

Plaintiff brings this narrow motion to simplify and narrow the issues for Rule 26(f) planning and the Rule 16 initial conference by confirming baseline facts that Defendants have already admitted in their own operative pleading.

Plaintiff does not seek summary judgment and does not ask the Court to decide objective reasonableness, qualified immunity, deliberate indifference, municipal liability, causation, or damages.

## II. FACTS NECESSARY TO RESOLUTION OF THIS MOTION

This motion concerns only discrete historical facts expressly admitted by Defendants Montgomery County and Deputy Joseph Michael O'Neill in their Answer (Doc. 10).

2

Plaintiff does not seek confirmation of any statement Defendants denied, any legal conclusion, or any characterization or averment appended to an admission.

Exhibit 1 provides a judge-friendly, side-by-side admissions chart identifying for each proposed confirmed fact: (i) the pertinent allegation(s) in the First Amended Complaint (Doc. 4), (ii) the corresponding Answer paragraph(s) (Doc. 10), and (iii) a verbatim excerpt of the Answer admission language supporting confirmation.

### III. ISSUES PRESENTED

Whether the Court should enter a limited order confirming that the discrete historical facts listed in Section VII are undisputed as between Plaintiff and Defendants Montgomery County and Deputy Joseph Michael O'Neill because those facts are expressly admitted in Defendants' Answer (Doc. 10), as shown in Exhibit 1.

### IV. STANDARD OF REVIEW

A party's express admissions of discrete historical facts in an operative pleading serve to define what is and is not in dispute in the case. When a party admits a factual proposition in its Answer, that fact is removed from dispute unless and until the pleading is amended by leave of Court.

3

The requested confirming order is limited to discrete, historical facts that are stated clearly and that are expressly admitted in Doc. 10.

## V. SUMMARY OF THE ARGUMENT

Defendants Montgomery County and Deputy Joseph Michael O'Neill have admitted numerous discrete historical facts in their Answer (Doc. 10). Confirming those admissions by a short order will streamline Rule 26(f) planning and early discovery in a multi-defendant case spanning multiple custodial settings.

Defendants may contend such an order is unnecessary because admissions in an Answer already define what is undisputed. But in complex, multi-defendant litigation, admitted baseline facts are frequently re-contested during discovery, depositions, and motion practice absent a clear confirming order. Confirming the admitted baseline facts now will reduce waste and focus the parties on genuinely disputed issues.

## VI. ARGUMENT

*A. A confirming order will streamline case management without deciding contested issues.*

This case spans multiple custodial phases, including scene, transport, hospital custody, discharge, and jail intake. The pleadings already reflect that Defendants have admitted a set of baseline events and steps within that chronology.

A short confirming order will reduce friction by removing from dispute those facts Defendants already conceded, allowing the parties to focus on genuinely disputed issues such as proportionality, objective reasonableness, knowledge, causation, immunity defenses, policy/custom issues, and damages.

Nothing in the requested order would decide what any fact means, how much force was reasonable, what any defendant knew, or any issue of causation. It would simply confirm that certain historical facts are not in dispute as between Plaintiff and these Defendants because they are admitted in Doc. 10.

**B. *The proposed confirmed facts track only the admitted portions of the Answer.***

Each proposed confirmed fact is phrased in neutral, historical terms and is drawn from the admitted portion of the Answer. Where Defendants admit an act but dispute its significance or surrounding characterization, Plaintiff requests confirmation only of the admitted act.

The side-by-side chart at Exhibit 1 permits the Court to verify each proposed confirmed fact against the verbatim Answer text.

**C. *Defendants retain the full ability to litigate all contested issues.***

Nothing in this motion asks the Court to decide a contested question. Defendants remain free to litigate objective reasonableness, qualified immunity,

deliberate indifference, municipal liability, causation, and damages. The requested order simply confirms what Defendants have already admitted.

## VII. RELIEF REQUESTED
### (FACTS TO BE CONFIRMED AS UNDISPUTED)

Plaintiff respectfully requests that the Court enter an order confirming that, based on Defendants Montgomery County and Deputy Joseph Michael O'Neill's admissions in their Answer (Doc. 10), the following discrete historical facts are undisputed as between Plaintiff and these Defendants, as shown in Exhibit 1:

**GROUP A: PARTIES / JURISDICTION / INSTITUTIONAL STRUCTURE**

**1.** Montgomery County, Texas is a political subdivision and suable entity.

**2.** Final policymaking authority for law-enforcement and jail-custody practices rested with the Sheriff of Montgomery County during the relevant period.

**3.** Defendants Waddington, Anyangwe, Lobe, and Siddiqi provided and/or oversaw medical care for detainees at the Montgomery County Jail during the relevant period.

6

**4.** This Court has subject-matter jurisdiction over the claims forming the basis of this suit.

**5.** MCSO maintains records and reports relating to the incident and custodial sequence described in the First Amended Complaint.

**GROUP B: SCENE / PRE-EXTRACTION**

**6.** Plaintiff did not threaten the deputies, did not attempt to drive away, and did not make any sudden movements consistent with flight or assault at the moment the extraction was initiated.

**7.** After the extraction and before placement into the patrol vehicle, Plaintiff was brought to standing in close proximity to multiple deputies.

**GROUP C: EXTRACTION**

**8.** On February 20, 2024, Plaintiff was extracted and/or forcibly removed from his vehicle by law enforcement officers, including Deputy Joseph Michael O'Neill.

**9.** The B-pillar was used as a leverage point during the extraction.

**10.** Plaintiff's left glenohumeral dislocation occurred while Plaintiff was in custody.

7

**GROUP D: TRANSPORT**

**11.** Deputy O'Neill obtained a blood-search warrant.

**12.** During transport, Deputy O'Neill was listening to music.

**GROUP E: HOSPITAL**

**13.** At the hospital, another officer noticed an apparent issue with Plaintiff's shoulder.

**14.** Deputy O'Neill used Plaintiff's other arm to guide Plaintiff to his assigned hospital room.

**15.** Deputy O'Neill moved Plaintiff's legs onto the hospital bed.

**16.** During the blood draw, Deputy O'Neill held/restrained Plaintiff's arm.

**17.** Plaintiff was diagnosed on February 21, 2024 with a left shoulder dislocation and humerus/greater tuberosity fracture; a closed reduction was performed; and immobilization by sling was ordered.

**GROUP F: DISCHARGE**

**18.** Hospital staff provided discharge paperwork to Deputy O'Neill, and Deputy O'Neill signed for receipt.

**GROUP G: JAIL INTAKE / MEDICAL CHARTING**

**19.** Intake screening documentation completed by Defendant Waddington documented "serious injury/hospitalization in last 90 days" and described "dx Shoulder."

**20.** Hospital paperwork was scanned into Plaintiff's jail medical chart.

**21.** Jail staff created an appointment for the next day and later canceled it.

**GROUP H: MUNICIPAL CONTEXT**

**22.** Deputy O'Neill has been publicly recognized at the Vehicular Crimes Awards ceremony for calendar years 2022, 2023, and 2024.

Plaintiff requests all other relief to which he may be justly entitled.

## VIII. CERTIFICATE OF CONFERENCE

Plaintiff's counsel conferred in good faith with counsel for Defendants regarding the relief requested in this motion by email on **April 4, 2026** and **April 8, 2026,** and requested Defendants' position by a date and time certain. Defendants did not provide a substantive position by the stated deadline.

## IX. EXHIBITS

**Exhibit 1:** Admissions Chart (side-by-side: confirmed fact; FAC paragraph(s); Answer paragraph(s); verbatim admission excerpt)

**Exhibit 2:** Proposed Order

Respectfully submitted,

**O. RODRIGUEZ LAW, PLLC**

*/s/ Orlando Rodriguez*
ORLANDO RODRIGUEZ
Attorney-in-Charge
State Bar No. 24037382
S.D. Tex. Bar No. 3944531
700 Louisiana St., Suite 3950
Houston, Texas 77002
Telephone: (713) 239-2300
Email: efile@orodriguezlaw.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on April 14, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Orlando Rodriguez*

**CERTIFICATE OF WORD COUNT**

Pursuant to Judge Eskridge's Court Procedures, Section 18.c, the undersigned certifies that this motion contains approximately 2,150 words, exclusive of the case caption, table of contents, table of authorities, signature block, and certificates, as measured by word-processor count.

*/s/ Orlando Rodriguez*

11