IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX IRAHETA, | | |
| *Plaintiff,* | | |
| v. | | Civil Action No. 4:26-cv-01355 |
| MONTGOMERY COUNTY, TEXAS, et al., | | |
| *Defendants.* | | |

**ORDER CONFIRMING UNDISPUTED FACTS
FOR CASE-MANAGEMENT PURPOSES BASED ON DEFENDANTS
MONTGOMERY COUNTY AND O'NEILL'S ANSWER (DOC. 10)**

Before the Court is Plaintiff Felix Iraheta's Motion for Order Confirming Undisputed Facts for Case-Management Purposes Based on Defendants Montgomery County and Deputy Joseph Michael O'Neill's Answer (Doc. 10). The motion is **GRANTED**.

The Court **CONFIRMS** that the discrete historical facts listed below are undisputed as between Plaintiff and Defendants Montgomery County and Deputy Joseph Michael O'Neill based on Defendants' admissions in their Answer (Doc. 10), as reflected in Exhibit 1:

1. Montgomery County, Texas is a political subdivision and suable entity.

15

2. Final policymaking authority for law-enforcement and jail-custody practices rested with the Sheriff of Montgomery County during the relevant period.

3. Defendants Waddington, Anyangwe, Lobe, and Siddiqi provided and/or oversaw medical care for detainees at the Montgomery County Jail during the relevant period.

4. This Court has subject-matter jurisdiction over the claims forming the basis of this suit.

5. MCSO maintains records and reports relating to the incident and custodial sequence described in the First Amended Complaint.

6. Plaintiff did not threaten the deputies, did not attempt to drive away, and did not make any sudden movements consistent with flight or assault at the moment the extraction was initiated.

7. After the extraction and before placement into the patrol vehicle, Plaintiff was brought to standing in close proximity to multiple deputies.

8. On February 20, 2024, Plaintiff was extracted and/or forcibly removed from his vehicle by law enforcement officers, including Deputy Joseph Michael O'Neill.

16

9. The B-pillar was used as a leverage point during the extraction.

10. Plaintiff's left glenohumeral dislocation occurred while Plaintiff was in custody.

11. Deputy O'Neill obtained a blood-search warrant.

12. During transport, Deputy O'Neill was listening to music.

13. At the hospital, another officer noticed an apparent issue with Plaintiff's shoulder.

14. Deputy O'Neill used Plaintiff's other arm to guide Plaintiff to his assigned hospital room.

15. Deputy O'Neill moved Plaintiff's legs onto the hospital bed.

16. During the blood draw, Deputy O'Neill held/restrained Plaintiff's arm.

17. Plaintiff was diagnosed on February 21, 2024 with a left shoulder dislocation and humerus/greater tuberosity fracture; a closed reduction was performed; and immobilization by sling was ordered.

18. Hospital staff provided discharge paperwork to Deputy O'Neill, and Deputy O'Neill signed for receipt.

19. Intake screening documentation completed by Defendant Waddington documented "serious injury/hospitalization in last 90 days" and described "dx Shoulder."

20. Hospital paperwork was scanned into Plaintiff's jail medical chart.

21. Jail staff created an appointment for the next day and later canceled it.

22. Deputy O'Neill has been publicly recognized at the Vehicular Crimes Awards ceremony for calendar years 2022, 2023, and 2024.

Nothing in this Order constitutes a ruling on objective reasonableness, deliberate indifference, qualified immunity, municipal liability, causation, or damages.

SIGNED on _____, 2026.

_____
CHARLES ESKRIDGE
UNITED STATES DISTRICT JUDGE

18