**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| FELIX IRAHETA,<br>  *Plaintiff,* | |
| v. | Civil Action No. 4:26-cv-01355 |
| MONTGOMERY COUNTY, TEXAS,<br>et al.,<br>  *Defendants.* | Jury Trial Demanded |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT (DOC. 20)**

### I. Nature and Stage of the Proceeding

Plaintiff seeks leave under Federal Rule of Civil Procedure 15(a)(2) to file a substitution-only Second Amended Complaint. The amendment replaces four deputy defendants, previously pleaded by unique body-worn camera ("BWC") serial numbers from the inception of this case (Doc. 1; Doc. 4), with their true names as disclosed by Defendants in their Certificate of Interested Parties (Doc. 16). This action was filed on February 20, 2026, for events occurring February 20–21, 2024, within the two-year limitations period applicable to § 1983 claims in Texas. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989); Tex. Civ. Prac. & Rem. Code § 16.003(a). The proposed amendment adds no new claims, theories, or material facts.

The sole issue is whether Defendants have shown that Plaintiff's proposed amendment is clearly futile because the claims against the four BWC-identified deputies are time-barred and cannot relate back. They have not.

## II. Facts Necessary for Resolution

From the inception of this case, Plaintiff's pleadings identified the deputies at issue with unique identifiers. The Original Complaint (Doc. 1 at 6) and First Amended Complaint (Doc. 4 at 7–8) pleaded claims against "Deputy Davis (first name unknown) (BWC 16104)," "John Doe (BWC 13603)," "John Doe (BWC 15438)," and "John Doe (BWC 14218)." These are not generic placeholders. Each BWC serial number is a unique device identifier assigned to a single MCSO deputy on the night of the incident.

Immediately after filing, Plaintiff served preservation and identification requests on the County and its counsel, listing these BWC serials and requesting the full name of each assigned deputy. (Ex. A.) On March 5, 2026, defense counsel instructed Plaintiff to cease direct contact with County officials and route all communications through him. (Ex. B.) On April 2, 2026, defense counsel confirmed in writing that the County was actively working to identify Plaintiff's pleaded Doe deputies by comparing its records, and counsel and Plaintiff subsequently memorialized that ongoing identification process in

writing. (Ex. C.) That same day, well within the 90-day service period under Rule 4(m), defense counsel filed a Certificate of Interested Parties (Doc. 16) explicitly mapping the BWC serials pleaded by Plaintiff to the deputies′ true names: BWC 16104 = Deputy Jackson Davis; BWC 13603 = Deputy William Southern; BWC 15438 = Deputy Mario Romero; BWC 14218 = Deputy Carlos Herrera, Jr. Defendants subsequently filed a second Certificate of Interested Parties  (Doc. 23) on April 9, 2026, identifying an additional deputy from the same incident. Plaintiff filed the instant motion for leave four days after Doc. 16. (Doc. 20.)

### III. Argument and Authorities

***A. Rule 15(c)(1)(C) Requires the Court to Ask What the Newly Named Deputies Knew or Should Have Known, Not What Plaintiff Knew.***

Rule 15(c)(1)(C) provides that an amendment changing the party against whom a claim is asserted relates back to the date of the original pleading if, within the period provided by Rule 4(m), "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). As the Supreme Court has explained, this inquiry "asks what the prospective defendant knew or should have known

during the Rule 4(m) period, not what the plaintiff knew or should have known." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010).

Defendants' three-page opposition (Doc. 26) never cites *Krupski*. It does not address the controlling standard. Instead, it argues that because Plaintiff used "John Doe" labels alongside the BWC serial numbers, the amendment is categorically barred. That framing collapses a critical distinction and asks the Court to apply a rule designed for anonymous, unidentified defendants to a case where each defendant was identified from day one by a unique equipment serial.

Here, the record establishes that the deputies knew or should have known they were intended defendants within the Rule 4(m) period (which runs to approximately May 21, 2026). Defense counsel, representing the County and the already-served deputies, took control of the identification channel (Ex. B), acknowledged the pending Doe identification issue and offered to facilitate service waiver (Ex. C), and then filed Doc. 16 on April 2, 2026, formally representing to the Court that the deputies mapped to Plaintiff's BWC serials were "interested parties" in this litigation. An MCSO deputy who knows he was assigned BWC 16104 on the night of the incident, and whose employer's lawyer files a court document identifying him as an interested party in a lawsuit

arising from that incident, "knew or should have known" he was an intended defendant. *Krupski*, 560 U.S. at 548.

### B. Defendants' Cited Authorities Are Distinguishable Because Plaintiff Pleaded Unique Identifiers, Not Generic Placeholders.

Defendants rely on *Winzer v. Kaufman County*, 916 F.3d 464 (5th Cir. 2019), and *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998). Both are distinguishable on their facts.

In *Winzer*, the plaintiffs sued "unknown state troopers" and "unknown paramedics" with no unique identifying information whatsoever. The Fifth Circuit held that substituting named parties for such generic placeholders after limitations does not relate back because the plaintiff's failure to name the defendant reflected a "lack of knowledge," not a "mistake concerning the proper party's identity." *Winzer*, 916 F.3d at 470. Here, by contrast, Plaintiff pleaded each deputy by a unique BWC serial number from day one. The failure was not a failure to identify; it was a failure to learn the deputy's formal legal name for service. That is the kind of mistake *Krupski* and Rule 15(c)(1)(C) are designed to address.

Similarly, *Jacobsen* held that substituting a named deputy for "Deputy John Doe" did not relate back because the plaintiff "simply lacked knowledge

of the deputy's identity." *Jacobsen*, 133 F.3d at 321. But *Jacobsen* also recognizes a second pathway: relation back is permitted where there is a "sufficient 'identity of interest' between" the original and new defendants to infer notice. *Id.* at 320. That pathway applies here.

Defendants also cite *Al-Dahir v. F.B.I.*, 454 F. App'x 238 (5th Cir. 2011), an unpublished opinion that merely recites the unremarkable principle that Plaintiff bears the burden of demonstrating relation back. Plaintiff meets that burden on this record.

Tellingly, Defendants' proposed order (Doc. 26-1) characterizes Plaintiff's motion as seeking to add defendants "previously identified as 'John Doe,'" omitting the BWC serial numbers from the record entirely. That characterization asks the Court to decide this motion on an incomplete picture of the pleadings.

### C. *The Identity-of-Interest Test Is Satisfied.*

An identity of interest exists where parties are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Jacobsen*, 133 F.3d at 320. Notice may be imputed through shared counsel. *Id.*

That is precisely the situation here. The newly named deputies are employees of Defendant Montgomery County. They were involved in the same incident. They are represented by the same County Attorney's office that represents the County, O'Neill, and Boerema. Defense counsel's own correspondence and court filings confirm this shared interest and knowledge. (Exs. B, C; Doc. 16.) The identity-of-interest test is met.

### D. At a Minimum, the Amendment as to Deputy Davis Is a Misnomer Correction, Not a "John Doe" Substitution.

Plaintiff did not plead a generic "John Doe" as to Davis. Plaintiff sued "Deputy Davis (first name unknown) (BWC 16104)." (Doc. 1 at 6.) That is a classic misnomer or incomplete-name problem: Plaintiff identified the defendant by surname, role, and unique equipment serial but lacked the first name needed for formal service. The Fifth Circuit has permitted relation back to correct a defendant's capacity where the defendant had notice and should have known it was the intended target. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 378–81 (5th Cir. 2010) (conducting detailed review of complaint and proceedings to find officer had constructive notice of individual-capacity suit despite pleading error). That same logic applies to correcting an incomplete name tied to a unique identifier.

### E. Rule 15(c)(1)(A) and Texas Law Provide an Independent Basis for Relation Back.

Even if the Court has concerns under Rule 15(c)(1)(C), Rule 15(c)(1)(A) provides an independent path: an amendment relates back if "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). For § 1983 claims in Texas, the court borrows the state's two-year personal-injury limitations period. *Owens*, 488 U.S. at 249–50. Texas law, in turn, provides its own relation-back statute:

> If a filed pleading relates to a cause of action . . . that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.
>
> Tex. Civ. Prac. & Rem. Code § 16.068.

Plaintiff's amendment arises from the identical transaction and occurrence as the original, timely-filed complaint. It substitutes legal names for unique identifiers already in the pleadings. It is not "wholly based on a new, distinct, or different transaction or occurrence." Relation back is therefore independently available under Texas law.

## IV. Conclusion

Defendants have not shown that Plaintiff's substitution-only amendment is clearly futile. The amendment causes no prejudice. Defendants' opposition rests on authority involving generic, unidentified "John Doe" defendants and ignores both the unique BWC identifiers in Plaintiff's pleadings and the controlling standard from *Krupski*. Plaintiff respectfully requests that the Court grant the Motion for Leave (Doc. 20) and the Supplement to that motion, and grant leave to file the Revised Proposed Second Amended Complaint.

Respectfully submitted,

**O. RODRIGUEZ LAW, PLLC**

*/s/ Orlando Rodriguez*
**ORLANDO RODRIGUEZ**
Attorney-in-Charge
State Bar No. 24037382
S.D. Tex. Bar No. 3944531
700 Louisiana St., Suite 3950
Houston, Texas 77002
Telephone: (713) 239-2300
Email: efile@orodriguezlaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF WORD COUNT

Pursuant to the Court's procedures, I certify that this reply contains approximately 1,619 words, excluding the caption, signature block, and certificates.

*/s/ Orlando Rodriguez*

## CERTIFICATE OF SERVICE

I certify that on April 15, 2026 a true and correct copy of the foregoing was served via the Court's CM/ECF system upon all counsel of record.

*/s/ Orlando Rodriguez*