**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

Civil Action No. 4:26-cv-01355

---

# EXHIBIT A

Plaintiff's Preservation Notice and Doe Identification
Request to MCSO (February 26, 2026)

---

Filed in Support of Plaintiff's Reply in Support of
Motion for Leave to File Second Amended Complaint (Doc. 20)

O. RODRIGUEZ LAW, PLLC
4900 Fournace Place, Suite 460
Bellaire, Texas 77401

February 26, 2026

**Sheriff Wesley Doolittle**
Montgomery County Sheriff's Office
1 Criminal Justice Drive
Conroe, Texas 77301

> **Re: *Iraheta v. Montgomery County, Texas, et al.***
> Civil Action No. 4:26-cv-01355 (S.D. Tex., Houston Div.)
> MCSO Incident No. 24A049503 | Booking No. 178287
> Date of Incident: February 20–21, 2024

Dear Sheriff Doolittle:

I write to notify you that on February 20, 2026, I filed a federal civil-rights action on behalf of Felix Iraheta against Montgomery County and individual deputies of the Montgomery County Sheriff's Office. The case is now pending as *Iraheta v. Montgomery County, Texas, et al.*, Civil Action No. 4:26-cv-01355, in the Southern District of Texas, Houston Division. The First Amended Complaint was filed on February 23, 2026, and is enclosed for your reference.

Because the claims arise from MCSO operations, I wanted to contact you directly. This letter serves three purposes: (1) to notify you of the pending litigation, (2) to request identification of deputies named as John Doe defendants in the Complaint, and (3) to place MCSO on notice of its obligation to preserve all relevant evidence.

The lawsuit arises from a vehicle extraction and subsequent custodial sequence on the evening of February 20, 2024, through the early morning of February 21, 2024, at The Woodlands Market Street, Memorial Hermann: The Woodlands Hospital, and the Montgomery County Jail. The Complaint asserts claims for excessive force, deliberate indifference to serious medical needs, failure to intervene, and municipal liability under 42 U.S.C. § 1983. It does not challenge the legality of the traffic stop or the arrest.

The named individual defendants, all sued in their individual capacities, include deputies, detention officers, and jail medical staff. The Complaint also asserts a Monell claim against Montgomery County based on policies, customs, and practices—including the County's training, supervision, discipline, and institutional reinforcement of high-output DWI enforcement—that Plaintiff alleges were a moving force behind the constitutional violations.

O. RODRIGUEZ LAW, PLLC
4900 Fournace Place, Suite 460
Bellaire, Texas 77401

## I. IDENTIFICATION OF DOE DEFENDANTS

The Complaint names several defendants by body-worn camera serial number or physical description because their identities are not yet confirmed. Please provide the full name, badge number, and current assignment for each of the following personnel, and confirm the assignment of the identified BWC devices on February 20–21, 2024:

| Complaint Designation | Identifying Information Available |
|---|---|
| John Doe (BWC 13603) | BWC serial 13603; present at scene during extraction |
| John Doe (BWC 15438) | BWC serial 15438; present at scene pre-extraction and extraction |
| John Doe (BWC 14218) | BWC serial 14218; present at scene post-injury |
| Hospital/Scene John Doe Deputy | Deputy in ER hallway who warned plaintiff about further shoulder injury; present at bedside; distinct from Deputy Davis |
| Jail John Doe Officers 1 | Detention officers who received plaintiff at booking after hospital discharge |

If the BWC serial numbers listed above have been reassigned since February 2024, please identify the deputy to whom each was assigned on the date of the incident. A prompt response will allow service of process and avoid the need for early discovery motions solely to identify these defendants.

## II. LITIGATION HOLD AND EVIDENCE PRESERVATION

Please treat this letter as formal notice of MCSO's obligation to preserve all documents, data, and electronically stored information relevant to this case. See Fed. R. Civ. P. 37(e). Please implement a litigation hold immediately, suspend any routine deletion or overwriting that could affect responsive materials, and preserve all items in native format with full metadata, audit trails, and chain-of-custody records.

The scope of the hold should cover at minimum the following categories, for the incident time window of February 20, 2024 (21:30 CT) through February 21, 2024 (02:30 CT), plus the follow-up window of February 22, 2024 (14:30–18:00 CT):

### A. Body-Worn Camera and In-Car Video

- All BWC video, audio, and metadata for every involved deputy, trainee, and supervisor, including pre-event buffers and auto-triggered clips.

O. RODRIGUEZ LAW, PLLC
4900 Fournace Place, Suite 460
Bellaire, Texas 77401

- Device logs showing activation, deactivation, muting, annotations, bookmarks, exports, redactions, and deletions.
- All in-car camera channels (front, interior, rear) for each responding patrol unit, with configuration and retention settings.
- Axon Evidence (or equivalent) native files, audit logs, device-assignment records, docking/sync logs, retention settings, and exception/error logs.

## B. Dispatch, Radio, and AVL

- CAD incident logs and full unit histories.
- 911 and non-emergency call recordings with ANI/ALI metadata.
- Dispatch and tactical radio recordings and talkgroup logs.
- MDT messages, data calls, and attachments.
- AVL/GPS data (breadcrumbs, speed, heading, coordinates).

## C. Reports, Forms, and Investigative Files

- All incident, offense, and arrest reports (drafts and finals).
- Probable-cause affidavits and supporting paperwork.
- DIC-23, DIC-24, and DIC-25 forms and license-action materials.
- Use-of-force reports and supervisory reviews.
- Internal-affairs or similar investigative files.
- Evidence and property logs with chain-of-custody records.
- Blood-warrant application, signed order, return, and routing emails.

## D. Personnel, Training, and Supervision

- Shift rosters and assignment sheets for the relevant dates.
- Training records for BWC operation, use of force, DWI stops, medical transport, hospital custody, and duty to intervene for all involved personnel.
- Extra-duty and off-duty approvals and rosters for Market Street on February 20, 2024.
- DWI award materials for 2022–2025 involving any involved deputy, along with commendation and training-assignment records through July 2025.

## E. Patrol Units

- For each responding unit: patrol unit number, VIN, and assigned deputy. If any unit was reassigned mid-shift, identify both the original and replacement unit, VIN, and assigned deputy with time periods.

## F. Policies and ESI

O. RODRIGUEZ LAW, PLLC
4900 Fournace Place, Suite 460
Bellaire, Texas 77401

- All policies in effect on February 20–21, 2024 governing BWC activation and muting, use of force, medical transport and hospital custody, and evidence retention, including revision histories.

- Emails, texts, and collaboration-platform messages related to the incident, evidence, or internal review, including communications on personal devices used for MCSO business.

- Any third-party surveillance, photographs, or media held by MCSO from the scene.

## III.   REQUESTED CONFIRMATION

Within **ten (10) days** of this letter, please confirm in writing that:

1. MCSO has implemented a litigation hold covering the categories described above.

2. Routine deletion, overwriting, and retention-expiration cycles have been suspended for all responsive materials, including within any vendor-hosted evidence systems.

3. The custodians, systems, and repositories subject to the hold have been identified and documented.

Please direct any questions or your written confirmation to efile@orodriguezlaw.com.

Respectfully,

O. RODRIGUEZ LAW, PLLC

/s/ Orlando Rodriguez
**ORLANDO RODRIGUEZ**
State Bar No. 24037382
(713) 239-2300
efile@orodriguezlaw.com

**Enclosures:**

Plaintiff's First Amended Complaint (Doc. 4, filed 02/23/2026)