IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Felix Iraheta | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-01355 |
| | § | |
| Montgomery County Texas; Deputy Joseph | § | |
| Michael O'Neill; Deputy Nicholas Anthony | § | |
| Scinicariello; Specialist Timothy J. Boerema; | § | |
| Deputy Davis (BWC 16104); John Doe (BWC | § | |
| 13603); John Doe (BWC 15438); John Doe | § | |
| (BWC 14218); Hospital/Scene John Doe | § | |
| Deputy; Jail John Doe Officers 1-2; Emily | § | |
| Waddington (LVN); Etuge Anyangwe (FNP-C); | § | |
| Zakari Lobe (LVN); Ather Siddiqi, MD; | § | |
| *Defendants.* | § | **Jury Demanded** |

**DEFENDANTS O'NEILL, MONTGOMERY COUNTY, AND BOEREMA'S
RESPONSE TO PLAINTIFF'S MOTION FOR ORDER CONFIRMING
UNDISPUTED FACTS FOR CASE-MANAGEMENT PURPOSES
BASED ON DEFENDANTS MONTOGMERY COUNTY AND O'NEILL'S
ANSWER (DOC. 10)**

TO THE HONORABLE CHARLES ESKRIDGE:

Defendants, Montgomery County, O'Neill, and Boerema file their joint response to

Iraheta's Motion for Motion to Confirm Facts (Doc. 10), and show that it should be denied.

**NATURE AND STAGE OF PROCEEDINGS**

Iraheta filed suit on February 20, 2026. *Doc. 1*. Only two of the 14 Defendants

have answered. Defendants Montgomery County, O'Neill, and Boerema's Motion to

Dismiss is ripe. *Docs. 13 and 17*. The Initial Conference is scheduled for June 17, 2026.

*Doc. 22*.

## FACTS NECESSARY FOR RESOLUTION OF THE MOTION

Iraheta seeks to have this Court make findings of facts based on the answers of two of the 14 Defendants. *Doc. 24.*

## ISSUE REQUIRING RESOLUTION

**Issue 1:**     Whether Iraheta's motion is a valid use of both Defendants' and this Court's time considering it is duplicative of the answer of two Defendants.

**Issue 2:**     Whether Iraheta's motion is an attempt to circumvent the rules related to beginning discovery.

**Issue 3:**     Whether Iraheta's motion summary chart is accurate.

## STANDARD OF REVIEW

Counsel was unable to find a case involving a motion of this nature and has never heard of this type of motion, however Counsel believes the Standard of Review is most likely abuse of discretion.

## SUMMARY

The Defendants' Answer speaks for itself and there is no reason at this stage to paraphrase it or make the Defendants expend the time to go back through the pleadings and affirm their answer.

## ARGUMENT AND AUTHORITIES

**Issue 1:**     Iraheta's motion is not a valid use of Defendants' or this Court's time considering it is duplicative of the answer of two Defendants.

Defendants do not see the value in this motion at this time.  First, it is very limited in scope because it only involves the Answers of two out of the 14 Defendants.  Second, it is not clear to Defendants how it is any more useful than their Answer.  To that end, it

seems to be an unnecessary duplication of the Answer that serves no purpose at this point in the litigation. Considering it serves no point, it is hard to see how it is a valid use of time for the Defendants and the Court to review the charts, compare them to the pleadings and Answer, and ensure that whatever program or person created the chart did so accurately.

**Issue 2:**      Iraheta's motion is an attempt to circumvent the rules related to beginning discovery.

Iraheta's motion appears to be nothing more than an attempt to obtain admissions prior to the beginning of discovery. Almost immediately after Montgomery County and O'Neill filed their Answer, Iraheta served 61 Requests for Production, and 120 Request for Admission with 26 definitions and three pages of instructions. To his credit, Iraheta withdrew the discovery when Counsel pointed out that it violated both the Rules of Civil Procedure and this Court's rules. Now, by this motion, Iraheta is trying to compel some defendants to admit or deny facts. The motion sounds in Requests for Admissions.

**Issue 3:**      Iraheta's summary chart is not accurate.

Requests 6, 8, 9, 10, 12, 14, 15, 16 and 21 indicate Iraheta left out part of the response by quoting Defendants' response to include an ellipsis. See *e.g., Doc. 24-1 pg. 1* (Defendants refer to the Clerk's page number, not Iraheta's page number) ("Admit…").

Request 9 is particularly troubling because Iraheta changes "is" to "was." *Doc. 24-1 pg. 2.* Iraheta left out the remainder, which denies that any injury was sustained at this time. Defendants accepted Plaintiff's version of these facts as true for the purposes of their pending Motions to Dismiss, but Defendants do not concede that Iraheta's arm was

leveraged on the B-Pillar or that he was injured during the extraction.

## CONCLUSION

Because the motion is duplicative of two of the 14 Defendants' answers, is not an efficient use of this Court's or Defendants' time, is an attempt to serve premature discovery and, is not accurate, this Court should deny the motion.

## PRAYER

Defendants pray that this Court deny Iraheta's Motion and for all other relief to which they may be entitled.

Respectfully submitted,

BY:  s/ Daniel Plake_____
Daniel Plake
Assistant Montgomery County Attorney
Texas Bar No. 24062942
Federal ID No. 918023
Daniel.plake@mctx.org
501 N. Thompson St. Suite 100
Conroe, TX 77301
Phone:              (936) 539-7828
Facsimile:    (936) 538-8079
ATTORNEY FOR DEFENDANTS
MONTGOMERY COUNTY, O'NEILL,
AND BOEREMA

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026 a true and correct copy of the foregoing instrument was forwarded via electronic delivery pursuant to the local rules or United States Mail pursuant to Federal Rule of Civil Procedure to the following:

Orlando Rodriquez
4900 Fournace Place, Suite 460
Bellaire, Texas 77401
efile@orodriguezlaw.com
*Attorney for Plaintiff*

s/ Daniel Plake