**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

FELIX IRAHETA,
    *Plaintiff,*

v.

MONTGOMERY COUNTY, TEXAS,
et al.,
    *Defendants.*

Civil Action No. **4:26-cv-01355**

**Plaintiff's Reply in Support of Motion for Order Confirming
Undisputed Facts for Case-Management Purposes Based on
Defendants Montgomery County and O'Neill's Answer (Doc. 10)**

**TO THE HONORABLE CHARLES ESKRIDGE:**

Plaintiff Felix Iraheta files this Reply in support of his Motion for Order
Confirming Undisputed Facts for case-management purposes (Doc. 24) and
responds to Defendants' opposition (Doc. 29).

Plaintiff seeks a narrow case-management order confirming discrete
historical facts that Defendants expressly admitted in their Answer (Doc. 10).
The order decides no merits question. It simply ensures that Rule 26(f) planning
and discovery focus on what is genuinely disputed.

Defendants organize their opposition around three themes: duplication,
premature discovery, and chart inaccuracy. Each fails.

## I. Defendants' opposition confirms the need for a narrow confirming order: Defendants are already attempting to walk back their answer.

Defendants do not explain why the Court should decline to confirm facts Defendants already admitted. Instead, Defendants preview the precise problem the requested order is meant to prevent: treating pleading admissions as conditional or "for limited purposes," then re-litigating admitted baseline facts later.

Pleading admissions are not "for motion-to-dismiss purposes." They are the factual positions Defendants chose to take in the Answer. Once a party makes a binding judicial admission, the party may not manufacture a dispute by later recharacterizing that admission in briefing or by taking a position inconsistent with the pleaded concession. *See Martinez v. Bally's La., Inc.*, 244 F.3d 474 (5th Cir. 2001).

The confirming order is a practical tool to ensure the parties litigate the case Defendants pleaded, not a moving target that shifts with each new brief.

## II. The answer contains judicial admissions that narrow the issues, and Plaintiff seeks confirmation only of the admitted portions.

In the Fifth Circuit, factual assertions and concessions in pleadings can constitute judicial admissions that bind the party who made them and narrow

the issues for litigation. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391 (5th Cir. 1983); *Martinez v. Bally's La., Inc.*, 244 F.3d 474 (5th Cir. 2001). *See also Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319 (5th Cir. 2001).

Plaintiff's revised submissions make the Court's review straightforward:

- Revised Exhibit 1 states each confirmed undisputed fact in neutral, minimum-admitted terms.

- For the items Defendants attacked (Doc. 29 at 3–4), Revised Exhibit 1 reproduces the complete verbatim Answer response (including denials and qualifications) without ellipses.

- Revised Exhibit 2 (Proposed Order) tracks Revised Exhibit 1 with identical numbering and language and includes an express non-merits disclaimer.

Plaintiff does not ask the Court to confirm legal conclusions, adopt legal theories, or decide objective reasonableness, qualified immunity, municipal liability, causation, or damages. This case proceeds under 42 U.S.C. § 1983, and the requested order is limited to admitted historical facts for pretrial management.

### III. The Court may enter a narrow case-management order confirming admitted baseline facts.

Defendants' "novel motion" rhetoric (Doc. 29 at 2) is not a legal basis to deny relief. Federal courts manage litigation by identifying what is, and is not, actually disputed. Judicial admissions are one of the principal tools by which pleadings narrow issues.

This request is carefully cabined:

- It applies only as between Plaintiff and Defendants Montgomery County and Deputy O'Neill.

- It confirms only admitted historical facts, as shown in Doc. 10.

- It expressly disclaims any ruling on objective reasonableness, deliberate indifference, qualified immunity, municipal liability, causation, or damages.

## IV. Defendants' "duplicative" and "premature discovery" objections fail.

### A. "Duplicative" is not a basis to deny a narrowing order confirming admitted baseline facts.

Defendants argue the Answer "speaks for itself," so the Court should do nothing. But pleading admissions exist precisely to narrow what must be proved. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391 (5th Cir. 1983).

In a multi-defendant, multi-phase custody case, confirming admitted baseline facts early reduces friction and waste by keeping discovery and motion practice on what is genuinely disputed.

### B. This motion does not circumvent discovery (it compels no new response and seeks no evidence).

Defendants reframe Plaintiff's motion as disguised Rule 36 requests for admission. That is incorrect.

A Rule 36 request compels a new response. This motion compels no response and seeks no discovery. It asks only that the Court confirm what Defendants already admitted in the Answer.

Defendants note that Plaintiff previously served discovery and withdrew it. That history demonstrates good faith, not gamesmanship: Plaintiff corrected course and proceeded by a vehicle that compels nothing.

## V. Defendants' "chart inaccuracy" objection is mooted by Revised Exhibit 1 (full answer text; no ellipses).

Defendants' only concrete criticism is that certain entries in Plaintiff's original chart used ellipses or paraphrase and allegedly omitted qualifications. Plaintiff has removed that objection.

Revised Exhibit 1 reproduces the complete Answer response text for the items Defendants flagged, without ellipses, including denials and qualifications. At the same time, the Confirmed Fact column states only the admitted portion. That presentation prevents the post-pleading drift Defendants' opposition attempts, by letting the Court confirm, item-by-item, that each requested confirmed fact matches only what Defendants admitted.

## VI. If Defendants seek to change or withdraw their admissions, the proper mechanism is amendment of the pleading, not recharacterization in briefing.

Defendants ask the Court to treat Answer admissions as non-binding. That is not how operative pleadings function.

Judicial admissions narrow issues until the pleading is amended through the appropriate procedural mechanism. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391 (5th Cir. 1983); *Martinez v. Bally's La., Inc.*, 244 F.3d 474 (5th Cir. 2001).

A confirming order therefore serves a legitimate case-management function: it ensures that any retreat from admissions occurs through the proper procedural channel and under the Court's control, not through shifting characterizations in motion practice.

## Exhibits Filed Herewith

- Revised Exhibit 1: Admissions Chart (side-by-side; complete Answer text reproduced without ellipses for disputed items).
- Revised Exhibit 2: Proposed Order.

## VII. Conclusion

Plaintiff respectfully requests that the Court grant the Motion (Doc. 24) and enter the Revised Proposed Order (Revised Exhibit 2) confirming the 22 baseline facts Defendants admitted in Doc. 10.

Respectfully submitted,

O. RODRIGUEZ LAW, PLLC

*/s/ Orlando Rodriguez*
**ORLANDO RODRIGUEZ**
Attorney-in-Charge

State Bar No. 24037382
S.D. Tex. Bar No. 3944531
700 Louisiana St., Suite 3950
Houston, Texas 77002
Telephone: (713) 239-2300
Email: efile@orodriguezlaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel conferred in good faith with counsel for Defendants regarding the relief requested in this motion by email on April 4, 2026 and April 8, 2026, and requested Defendants' position by a date and time certain. Defendants did not provide a substantive position by the stated deadline.

*/s/ Orlando Rodriguez*

## CERTIFICATE OF SERVICE

I certify that on April 23, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Orlando Rodriguez*

## CERTIFICATE OF WORD COUNT

Pursuant to Judge Eskridge′s Court Procedures, the undersigned certifies that this Reply contains approximately 961 words, exclusive of the case caption, signature block, and certificates, as measured by word-processor count.

*/s/ Orlando Rodriguez*