# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

FELIX IRAHETA,

    *Plaintiff,*

    v.

MONTGOMERY COUNTY, TEXAS,
et al.,

    *Defendants.*

Civil Action No. 4:26-cv-01355

Jury Demanded

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS
DEPUTY DAVIS' AND DEPUTY SCINICARIELLO'S MOTION
TO DISMISS (DOC. 40)**

**COVER SHEET**

**Moving Parties:** Defendant Deputy Davis (BWC 16104) and Defendant Deputy Nicholas Anthony Scinicariello.

**Relief Requested by Moving Parties:** Dismissal with prejudice under Rule 12(b)(6). Doc. 40.

**Relief Requested by Plaintiff:** Denial of Doc. 40 in full; alternatively, leave to amend if the Court identifies any pleading deficiency.

i

**TABLE OF CONTENTS**

Introduction..............................................................................................................1

I.  Nature and Stage of the Proceeding.....................................................................1

II.  Questions Presented...........................................................................................3

III.  Summary of the Argument ...............................................................................4

IV.  Standard of Review .........................................................................................6

V.  Argument ..........................................................................................................7

    A.  Doc. 40's adoption clause imports legal argument, not Defendants' factual narrative. .............................................................................................................7

    B.  Gateway: Curated excerpts cannot support dismissal when contemporaneous angles preserve competing inferences.....................................................................8

    C.  Deputy Scinicariello: The complaint plausibly pleads disproportionate extraction and post-extraction force; newly produced angles foreclose dismissal on a "soft hands" inference. ..................................................................................10

    D.  Deputy Davis: The complaint plausibly pleads bystander liability; Defendants' own "trainee" admission plus Wright POV recordings foreclose any Rule 12 "no knowledge" inference. ..................................................................................12

    E.  Qualified immunity cannot be granted on the pleadings by choosing Defendants' inferences from contested video............................................................. 15

VI.  Conclusion and Requested Relief............................................................... 17

Plaintiff's Exhibit Index................................................................................... 19

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Ashcroft v. al-Kidd*,
563 U.S. 731 (2011)........................................................................................ 4, 16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................passim

*Backe v. LeBlanc*,
691 F.3d 645 (5th Cir. 2012) ............................................................................ 17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................passim

*Bush v. Strain*,
513 F.3d 492 (5th Cir. 2008)........................................................3, 6, 12, 16

*Carswell v. Camp*,
54 F.4th 307 (5th Cir. 2022) ............................................................................ 17

*Collins v. Morgan Stanley Dean Witter*,
224 F.3d 496 (5th Cir. 2000) ...........................................................................7

*Deville v. Marcantel*,
567 F.3d 156 (5th Cir. 2009) ......................................................3, 6, 10, 16

*Graham v. Connor*,
490 U.S. 386 (1989) ...................................................................................... 3, 10

*Hale v. Townley*,
45 F.3d 914 (5th Cir. 1995) ............................................................................passim

*Harmon v. City of Arlington*,
16 F.4th 1159 (5th Cir. 2021) .........................................................................passim

*Hope v. Pelzer*,
536 U.S. 730 (2002) ...................................................................................... 4, 6, 16

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ....................................................................... 4, 7, 8

*Lombardo v. City of St. Louis*,
594 U.S. 464 (2021) (per curiam)................................................................3, 5, 7, 9

*Pearson v. Callahan*,
555 U.S. 223 (2009) .......................................................................................passim

iii

*Scott v. Harris*,

      550 U.S. 372 (2007) ...........................................................................passim

*Taylor v. Riojas*,

      592 U.S. 7 (2020) (per curiam) ......................................................... 4, 6, 16

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

      551 U.S. 308 (2007).....................................................................................4, 7

*Timpa v. Dillard*,

      20 F.4th 1020 (5th Cir. 2021) ............................................................passim

*Tolan v. Cotton*,

      572 U.S. 650 (2014) (per curiam)......................................................passim

**Statutes**

42 U.S.C. § 1983 ................................................................................. 2, 3, 10

**Rules**

Fed. R. Civ. P. 12(b)(6)...................................................................................i, 6, 7

iv

## INTRODUCTION

On the night of February 20, 2024, Felix Iraheta sat in his vehicle surrounded by a saturated law enforcement perimeter. There was no flight risk and no weapon. Doc. 4 ¶¶ 40, 43A. Deputies nonetheless extracted him with enough force to dislocate his left shoulder and fracture his humerus on contact. Doc. 4 ¶¶ 45–48. He told them. Doc. 4 ¶¶ 49–52C. They kept going: through the handcuffing, the patrol SUV, the hospital corridor, and the blood draw. Doc. 4 ¶¶ 49–64, 92, 98–99, 114–120. When it was over, Deputy O'Neill woke Iraheta from monitored rest, removed his monitoring equipment, refused the sling hospital staff had provided, and pushed him out of the building with a freshly broken arm. Doc. 4 ¶¶ 65–70. The jail documented the injury, created a high-priority follow-up, and deleted it. Doc. 4 ¶¶ 75, 78–80, 102A. Iraheta required surgery. Doc. 4 ¶¶ 81–84. The operative complaint pleads this account in detail and grounds it in contemporaneous body-worn camera recordings from multiple angles.

Defendants Davis and Scinicariello now move to dismiss with prejudice, but their motion is just four pages: an adoption-by-reference of a co-defendant's prior motion (Doc. 13), plus two short paragraph blocks that *admit* their own participation. Doc. 40 at 2–3. They ask this Court to do at the pleading stage what Rule 12 forbids: resolve contested factual inferences from a handful of bounded BWC excerpts. The Court should decline that invitation and deny the motion.

Three things have changed since Doc. 13 was filed. First, Defendants have produced additional contemporaneous BWC angles—the Wright POV recordings (MOCO0225–MOCO0230), the Scinicariello POV recording (MOCO0232), and an alternate-angle file (MOCO0234-14218)—that do not contradict Plaintiff's pleaded account; they corroborate

1

it. Second, Defendants' own pleadings now admit the very predicates of liability they ask the Court to reject: that Scinicariello "assisted" in the extraction (Doc. 40 at 3), and that Davis was "a trainee working under O'Neill" present at "both the Market Street scene (arrest) and hospital" (Doc. 40 at 2). Third, this Court now has the benefit of Plaintiff's Doc. 17 response, to which Doc. 40 does not respond.

The motion should be denied.

## I. NATURE AND STAGE OF THE PROCEEDING

Plaintiff asserts claims under 42 U.S.C. § 1983 arising from a multi-episode custodial sequence beginning February 20, 2024, including alleged excessive force during a vehicle extraction and continued coercive handling after Plaintiff sustained an immediate left shoulder dislocation and greater tuberosity fracture. Doc. 4 ¶¶ 36–84.

Defendants Deputy Davis and Deputy Scinicariello filed Doc. 40, a four-page motion that expressly adopts the "arguments, standard of review, and facts" presented in Defendants O'Neill's, Montgomery County's, and Specialist Boerema's earlier dispositive motion (Doc. 13) and adds two short paragraph blocks specific to Davis and Scinicariello. Doc. 40 at 2–3. Plaintiff has already responded to the incorporated motion practice in Doc. 17 (with supplemental video indices at Doc. 18). This Response addresses Doc. 40 and the limited additions specific to Davis and Scinicariello.

2

## II. QUESTIONS PRESENTED

1.    Whether Defendants may obtain dismissal with prejudice at Rule 12 by treating bounded body-worn camera excerpts as dispositive, where newly produced contemporaneous angles preserve, and in key respects strengthen, Plaintiff's pleaded account.

> **Cases:** *Harmon v. City of Arlington*, 16 F.4th 1159 (5th Cir. 2021); *Tolan v. Cotton*, 572 U.S. 650 (2014) (per curiam); *Scott v. Harris*, 550 U.S. 372 (2007); *Lombardo v. City of St. Louis*, 594 U.S. 464 (2021) (per curiam).

2.    Whether the complaint plausibly alleges Deputy Scinicariello's individualized participation in excessive force during extraction and post-extraction handling, such that dismissal cannot be granted by adopting Defendants' "minimal force" narrative from curated clips.

> **Cases:** *Graham v. Connor*, 490 U.S. 386 (1989); *Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009); *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008).
>
> **Statute:** 42 U.S.C. § 1983.

3. Whether the complaint plausibly alleges Deputy Davis's failure to intervene where Defendants admit Davis was a trainee under the lead force officer and present during the key episodes, and newly produced recordings support injury awareness and a realistic opportunity to intervene.

3

**Cases:** *Hale v. Townley*, 45 F.3d 914 (5th Cir. 1995); *Timpa v. Dillard*, 20 F.4th 1020 (5th Cir. 2021).

**4.** Whether qualified immunity can be granted on the pleadings where the requested ruling depends on resolving disputed inferences from contested recordings against the non-movant.

**Cases:** *Pearson v. Callahan*, 555 U.S. 223 (2009); *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Taylor v. Riojas*, 592 U.S. 7 (2020) (per curiam); *Harmon v. City of Arlington*, 16 F.4th 1159 (5th Cir. 2021).

### III. SUMMARY OF THE ARGUMENT

Doc. 40 is parasitic on Doc. 13. It adopts Doc. 13 by reference, adds two short paragraph blocks, and seeks dismissal with prejudice. Plaintiff has already met the incorporated arguments at Doc. 17. The two "deltas" Defendants advance for Davis and Scinicariello do not justify dismissal; they reinforce why Defendants' Rule 12 theory was infirm at the outset.

**First,** incorporation by reference is not a license to import Defendants' factual narrative as if it were a pleaded fact. The Court may consider documents and recordings referenced and central to the claims without converting the motion, but the Court must not adopt a defendant's gloss on those materials at Rule 12. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018). Doc. 40's adoption clause imports only the legal arguments in Doc. 13, not its narrative.

**Second,** Defendants' clip-driven theory cannot survive what their own subsequent production has revealed. Defendants have produced Wright POV BWC files (MOCO0225–

4

MOCO0230), the Scinicariello POV file (MOCO0232), and an alternate-angle file (MOCO0234-14218). The new angles do not blatantly contradict Plaintiff's pleaded account; they corroborate it. They capture audible pain vocalization that is not heard on O'Neill's BWC, an explicit dislocation statement followed by continued coercive handling, an alternate angle showing Plaintiff's left arm bent in a grotesquely abnormal position during the pull, explicit injury acknowledgment in the hospital corridor ("I'm hurt" / "Yeah, we know"), and a post-extraction exchange in which Scinicariello characterizes his own force in terms consistent with Plaintiff's pleaded account. Under controlling Fifth Circuit authority, video may control over pleaded allegations only where the recording clearly contradicts the complaint such that no reasonable factfinder could credit the pleaded version. *Harmon v. City of Arlington*, 16 F.4th 1159 (5th Cir. 2021). Where competing inferences remain, courts must not resolve them against the plaintiff. *Tolan v. Cotton*, 572 U.S. 650 (2014) (per curiam); *Lombardo v. City of St. Louis*, 594 U.S. 464 (2021) (per curiam).

**Third,** the Davis and Scinicariello "deltas" fail on their own logic. Doc. 40 admits Scinicariello "assisted" in the extraction. Doc. 40 at 3 (citing Doc. 4 ¶ 45). Section 1983 imposes individual liability for individual conduct, and "assisted" is an admission of participation in a force event that the complaint plausibly alleges produced an immediate dislocation and fracture. As to Davis, Doc. 40 admits he was "a trainee working under O'Neill," present at "both the Market Street scene (arrest) and hospital." Doc. 40 at 2 (citing Doc. 4 ¶¶ 17, 52E, 115). Trainee proximity to a training officer is the textbook

5

bystander predicate of presence, attentiveness, and knowledge. *Hale v. Townley*, 45 F.3d 914 (5th Cir. 1995); *Timpa v. Dillard*, 20 F.4th 1020 (5th Cir. 2021). The Wright POV recordings make that foundation plausibly stronger, not weaker.

**Fourth,** qualified immunity is not a clip-driven shortcut. Where the recording does not eliminate competing inferences, the Court must not grant immunity by adopting the movant's preferred reading. *Pearson v. Callahan*, 555 U.S. 223 (2009); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Taylor v. Riojas*, 592 U.S. 7 (2020) (per curiam). The Fifth Circuit has long recognized excessive force liability for the forceful extraction of a non-threatening motorist, *Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009), and for continued force on a subdued arrestee, *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008). Doc. 40 cannot be granted on this record.

## IV. STANDARD OF REVIEW

A complaint survives a Rule 12(b)(6) motion if it pleads sufficient factual matter to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court accepts well-pleaded facts as true and draws reasonable inferences in favor of the plaintiff. *Iqbal*, 556 U.S. at 678–79.

In considering materials beyond the four corners of the complaint, courts may consider documents and recordings referenced in the complaint and central to the claims without converting the motion to one for summary judgment. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Tellabs*, 551 U.S. at 322. That doctrine

permits consideration of materials, however, not adoption of a defendant's narrative gloss on those materials. *Khoja*, 899 F.3d at 998–1003.

Where video is considered at Rule 12, it may control over pleaded allegations only if it clearly contradicts the complaint such that no reasonable factfinder could credit the pleaded version. *Harmon v. City of Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021); *Scott v. Harris*, 550 U.S. 372, 380–81 (2007). Where the recording does not eliminate competing reasonable inferences, plaintiff-favorable inferences govern. *Tolan v. Cotton*, 572 U.S. 650, 657–60 (2014) (per curiam); *Lombardo v. City of St. Louis*, 594 U.S. 464, 466–68 (2021) (per curiam).

## V. ARGUMENT

**A. Doc. 40's adoption clause imports legal argument, not Defendants' factual narrative.**

Doc. 40 expressly adopts Doc. 13's "arguments, standard of review, and facts" by reference. Doc. 40 at 2. That phrasing is broader than the doctrine permits.

Incorporation by reference is a procedural courtesy. It allows the Court to consider documents central to the claims without converting a Rule 12(b)(6) motion into one for summary judgment. *Collins*, 224 F.3d at 498–99; *Tellabs*, 551 U.S. at 322. It does not allow defendants to convert their own characterization of those documents into a judicially admitted fact. *Khoja*, 899 F.3d at 998–1003.

That distinction matters here. Doc. 13 advances a specific factual narrative built around four bounded excerpts from a single body-worn camera. Doc. 13-1, Exs. 1–4. Plaintiff's response at Doc. 17 demonstrated that each excerpt is nested within a longer same-camera recording (Pltf 1.6, 1.8, 1.9, 1.10) and that one contemporaneous second angle exists for the hospital hallway episode (Pltf 1.14, 1.15). Doc. 17 at 2–4; Pltf Exs. A–C. Defendants' subsequent production has confirmed several additional angles: the Wright POV recordings (MOCO0225–MOCO0230), the Scinicariello POV file (MOCO0232), and an alternate-angle file (MOCO0234-14218). Plaintiff identifies those recordings in Pltf Exs. D and E filed contemporaneously with this Response.

Doc. 40 nonetheless asks the Court to dismiss two more deputies on the strength of the same Doc. 13 narrative. Defendants cannot use incorporation as a bridge from "the Court may consider this video" to "the Court must accept Defendants' description of what the video shows." Plaintiff's well-pleaded allegations remain controlling at this stage.

### B.    Gateway: Curated excerpts cannot support dismissal when contemporaneous angles preserve competing inferences.

Defendants' procedural move is to treat selected video excerpts as dispositive. That move does not survive the controlling rule.

The Fifth Circuit has held that recordings considered at the pleading stage may displace allegations only where the video "clearly and unambiguously" contradicts the complaint such that no reasonable factfinder could credit the pleaded version. *Harmon*, 16 F.4th at 1163. The Supreme Court has reinforced the same discipline at every stage at which

8

video is offered as a shortcut to factfinding: courts may not resolve genuine disputes or draw inferences against the non-movant where the recording leaves room for competing reasonable readings. *Tolan*, 572 U.S. at 657–60; *Lombardo*, 594 U.S. at 466–68; *see also Scott v. Harris*, 550 U.S. at 380–81 (video controls only where the plaintiff's version is "blatantly contradict[ed]").

Defendants' Doc. 13 record does not meet that bar, and the universe of incident video has expanded since Doc. 13 was filed. The Wright POV files, the Scinicariello POV file, and the alternate-angle 14218 file are not narrative reinforcements for the defense. They are competing perspectives on the same episodes that preserve, and at key moments strengthen, Plaintiff's pleaded account. Plaintiff submits these recordings under the same narrow Rule 12 limitation Plaintiff applied at Doc. 17: not to ask the Court to find facts from video, but to ask the Court to refuse Defendants' invitation to do so.

That ends the gateway inquiry. Where an additional contemporaneous angle preserves a competing inference about an episode that Defendants ask the Court to resolve from a single bounded clip, the Court cannot grant dismissal by adopting the movant's reading of the clip. *Harmon*, 16 F.4th at 1163; *Tolan*, 572 U.S. at 657–60.

## C. Deputy Scinicariello: The complaint plausibly pleads disproportionate extraction and post-extraction force; newly produced angles foreclose dismissal on a "soft hands" inference.

Defendants frame Scinicariello's role as merely "assist[ing]" Deputy O'Neill in the extraction and then adopt O'Neill's Issue 1 by reference. Doc. 40 at 3. That label is a confession, not a defense.

9

Section 1983 imposes individual liability based on each officer's own conduct. 42 U.S.C. § 1983. Excessive force during an arrest is evaluated under objective reasonableness based on the totality of the circumstances, including the need for force, the amount and type of force used, and the relationship between the two. *Graham v. Connor*, 490 U.S. 386, 395–97 (1989). Plaintiff plausibly pleads that the extraction, performed jointly by O'Neill and Scinicariello, caused an immediate left shoulder dislocation and a greater tuberosity fracture, in a contained scene with a saturated perimeter and no plausible flight risk at the moment force was initiated. Doc. 4 ¶¶ 40–43A, 45–48, 49–52C. The Fifth Circuit has long recognized that the forceful extraction of a non-threatening motorist from a vehicle can constitute excessive force. *Deville v. Marcantel*, 567 F.3d 156, 167–69 (5th Cir. 2009).

The newly produced Scinicariello POV recording (MOCO0232) and alternate-angle file (MOCO0234-14218) corroborate the pleaded mechanics in detail.

**Timestamp legend:** Unless otherwise stated, timestamps refer to the on-screen time-of-day overlay (military time) within the referenced recording.

| Headline Moment | File | Overlay (Military Time) | Significance |
|---|---|---|---|
| Scinicariello initiates extraction contact | MOCO0232 | **22:51:09** | Documents individualized hands-on participation; "assisted" is admitted force. |

10

| Headline Moment | File | Overlay (Military Time) | Significance |
|---|---|---|---|
| Audible pain vocalization not captured on O'Neill BWC | MOCO0232 | **22:51:18** | Plaintiff yells "Ohh!" and "Oh my God"; corroborates pleaded immediate severe pain. |
| Plaintiff hunched, pain-limited posture | MOCO0232 | **22:51:37** | Visible pain-limited posture moments after the pull; rebuts "noncompliance" inference. |
| Bilateral arm manipulation during handcuffing | MOCO0232 | **22:52:17** | Bilateral force on a person already exhibiting injury. |
| Alternate-angle extraction mechanics | MOCO0234-14218 | **22:51:10** | Captures both officers pulling Plaintiff with the left arm in a grotesquely abnormal position. |
| Explicit dislocation notice | MOCO0232 | **22:53:20** | Plaintiff states, "You have dislocated my shoulder sir." |
| Violent lift and forced placement into SUV | MOCO0232 | **22:53:27** | Lift/push into SUV with injured arm contacting the door frame while cuffed. |

These contemporaneous angles do not eliminate competing reasonable inferences. They confirm that Defendants' bounded excerpts are not dispositive at Rule 12. *Harmon*, 16 F.4th at 1163; *Tolan*, 572 U.S. at 657–60.

Defendants ask the Court to credit a "soft hands" inference from O'Neill's bounded clip. The Scinicariello POV and the 14218 alternate angle do not contradict Plaintiff's account; they confirm it. At Rule 12, that ends Defendants' clip-driven theory as to Scinicariello. *Harmon*, 16 F.4th at 1163.

11

To the extent Defendants press qualified immunity by reference, the Fifth Circuit has recognized that force against a restrained or subdued person can be objectively unreasonable. *Bush v. Strain*, 513 F.3d 492, 501–02 (5th Cir. 2008). The 22:53:27 SUV-placement sequence depicts force applied to Plaintiff *after* he was handcuffed and *after* he had explicitly identified a serious orthopedic injury. That sequence is not foreclosed by Defendants' bounded excerpt; it is corroborated by the Scinicariello angle that Defendants themselves produced.

Doc. 40 should be denied as to Scinicariello.

### D.    Deputy Davis: The complaint plausibly pleads bystander liability; Defendants' own "trainee" admission plus Wright POV recordings foreclose any Rule 12 "no knowledge" inference.

Defendants' Davis argument is purely derivative: no predicate constitutional violation, no failure-to-intervene claim. Doc. 40 at 2–3. The premise fails. Predicate violations are plausibly pleaded for the reasons set forth above and in Doc. 17, and Doc. 40's own factual concessions also fortify the bystander claim.

Failure-to-intervene liability arises in the Fifth Circuit when an officer was present at the scene of a constitutional violation, knew the violation was occurring, and had a reasonable opportunity to prevent the harm but did not. *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995); *Timpa v. Dillard*, 20 F.4th 1020, 1038 (5th Cir. 2021). Doc. 40 admits each predicate.

12

Doc. 40 admits Davis was "a trainee working under O'Neill." Doc. 40 at 2 (citing Doc. 4 ¶ 52E). A trainee paired with a training officer is, by professional definition, present, attentive, and observing the training officer's conduct for instructional purposes. Doc. 40 also admits Davis was present at "both the Market Street scene (arrest) and hospital (escort to his hospital room and blood draw)." Doc. 40 at 2 (citing Doc. 4 ¶¶ 17, 115). That admission places Davis at every custodial phase relevant to the bystander claim: the extraction, the post-extraction handling, the hospital corridor, and the blood draw room.

The Wright POV recordings (MOCO0225–MOCO0230) provide additional context bearing on knowledge and opportunity:

| Headline Moment | File | Overlay (Military Time) | Significance |
|---|---|---|---|
| Wright arrives during extraction window | MOCO0225 | 22:51:12– 22:53:10 | Confirms multi-officer scene and proximity during the extraction/placement window. |
| Wright POV captures push into SUV | MOCO0226 | 22:53:31 | Audio engages as Plaintiff is pushed into the SUV; placement sequence from a second angle. |
| Plaintiff's dislocation statement during placement | MOCO0226 | 22:53:41 | "My shoulder is dislocated"; audible to officers in proximity. |
| Hospital shoulder identification, pain-limited movement | MOCO0227 | 23:36:50– 23:39:58 | Shoulder identification and pain-limited movement in close proximity to officers. |
| Medical instruction to "hang tight" | MOCO0228 | 23:57:50 | Supports inference that Plaintiff was pain-limited and awaiting medical direction. |

13

| Headline Moment | File | Overlay (Military Time) | Significance |
|---|---|---|---|
| Explicit injury acknowledgment in corridor | MOCO0229 | **00:01:04 / 00:01:25** | "I'm hurt" / "Yeah, we know." |
| Post-extraction officer discussion of force | MOCO0226 | **22:54:11** | Scinicariello states, "well I kinda put that guy's face into the ground" (audible on careful listening); characterizes own force in terms consistent with Plaintiff's pleaded account. |
| Chuckle following force characterization | MOCO0226 | **22:54:21** | Audible chuckle following the statement; supports inference of callousness and contemporaneous awareness among officers present, including Davis. |

The contemporaneous "I'm hurt" / "Yeah, we know" exchange disposes of Defendants' "no knowledge" framing of the bystander claim. At Rule 12, that exchange, captured in close-range Wright POV during the same hospital sequence where Davis is admittedly present, is more than sufficient to plausibly plead Davis's awareness of injury, the disproportion between continued force and a controlled medical setting, and a realistic opportunity to refrain from participating in further force or to summon corrective intervention.

The same Wright POV recording also captures Scinicariello stating, "well I kinda put that guy's face into the ground" (MOCO0226, 22:54:11) (audible on careful listening), followed by an audible chuckle (22:54:21). That post-extraction exchange—in the presence

14

of officers at the scene, including Davis—is further evidence that the force was recognized, discussed openly, and treated dismissively by those who participated in or witnessed it.

Defendants' "no predicate violation, therefore no bystander claim" syllogism does not survive its first premise. Even if the predicate inquiry were close, the Wright POV record forecloses any Rule 12 conclusion that Davis lacked knowledge or opportunity. *Hale*, 45 F.3d at 919; *Timpa*, 20 F.4th at 1038.

These hospital recordings are not collateral. They show that the injury was visible, acknowledged, and observed in a controlled setting, precisely where the justification for continued coercive handling is weakest and the opportunity to intervene is greatest. That is more than enough to state a plausible failure-to-intervene claim at Rule 12. *See Timpa*, 20 F.4th at 1038.

Doc. 40 should be denied as to Davis.

### E.   Qualified immunity cannot be granted on the pleadings by choosing Defendants' inferences from contested video.

Defendants seek qualified immunity by reference. Doc. 40 at 3. That request fails for three independent reasons.

**First,** the Court need not address qualified immunity in any particular order, but it cannot resolve either prong by adopting Defendants' preferred inferences from contested video. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Harmon*, 16 F.4th at 1163; *Tolan*, 572 U.S. at 657–60. The Doc. 13 record was already inadequate to support clip-driven

15

factfinding; the Wright, Scinicariello, and 14218 angles compound the disputed-fact problem rather than resolving it.

**Second,** the Fifth Circuit has clearly established the relevant rights at the level of generality required. Forceful extraction of a non-threatening occupant from a vehicle can constitute excessive force. *Deville*, 567 F.3d at 167–69. Force against a restrained or subdued person can be objectively unreasonable. *Bush*, 513 F.3d at 501–02. An officer present to a fellow officer's excessive force, with knowledge and a reasonable opportunity to act, may be liable under § 1983 for failing to intervene. *Hale*, 45 F.3d at 919; *Timpa*, 20 F.4th at 1038. Each principle is anchored to Fifth Circuit decisions issued well before February 2024 and is "particularized" to the conduct alleged. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011).

**Third,** even where no factually identical case exists, qualified immunity can be denied when the unconstitutionality of the conduct is obvious in light of preexisting law. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002); *Taylor v. Riojas*, 592 U.S. 7, 8–9 (2020) (per curiam). The continued application of force on a person with an obviously dislocated shoulder, audible in the officers' own recordings, falls within that obvious-unconstitutionality space at a minimum. The Court need not reach this backstop to deny qualified immunity at Rule 12, but it forecloses any argument that the law was unsettled.

If the Court concludes that any limited discovery is necessary to resolve qualified immunity as to Davis or Scinicariello, such discovery should be narrowly tailored to the

16

immunity issues and not proceed generally before an immunity ruling. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022).

## VI. CONCLUSION AND REQUESTED RELIEF

Deputies broke Felix Iraheta′s arm during an extraction, discharged him from a hospital without a sling, and left him to a jail that documented his injury and deleted the follow-up. He required surgery. The recordings confirm it. At Rule 12, that ends the inquiry.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants Deputy Davis' and Deputy Scinicariello's Motion to Dismiss (Doc. 40).

In the alternative, if the Court identifies any pleading deficiency as to Davis or Scinicariello, Plaintiff requests leave to amend rather than dismissal with prejudice. Specifically, Plaintiff would amend to: (i) plead with greater specificity Scinicariello's individualized hands-on conduct anchored to MOCO0232 timestamps 22:51:09, 22:51:18, 22:52:17, 22:53:20, and 22:53:27, and to MOCO0234-14218 at 22:51:10; (ii) plead Davis's trainee-supervisorial proximity to O'Neill and the contemporaneous officer awareness captured in MOCO0226 and MOCO0229; and (iii) reinforce the multi-episode injury-obviousness sequence with the Wright POV hospital recordings.

17

Respectfully submitted,

**O. RODRIGUEZ LAW, PLLC**


*/s/ Orlando Rodriguez*
**ORLANDO RODRIGUEZ**
State Bar No. 24037382
700 Louisiana St., Suite 3950
Houston, Texas 77002
Telephone: (713) 239-2300
Email: efile@orodriguezlaw.com
**ATTORNEY FOR PLAINTIFF**


## CERTIFICATE OF WORD COUNT

I certify that this Response contains approximately 3,870 words, exclusive of the caption, cover sheet, table of contents, table of authorities, signature block, exhibit index, and certificates, in compliance with the Court's word-count requirements.

*/s/ Orlando Rodriguez*

## CERTIFICATE OF SERVICE

I certify that on May 7, 2026, a true and correct copy of the foregoing Response and accompanying Exhibits D and E were served on all counsel of record via the Court's CM/ECF electronic filing system. Plaintiff's newly produced video exhibits (referenced as Pltf Exs. D-1 through D-8) are being delivered in native format on a USB drive to the Case Manager and to Defendants' counsel by the next business day, consistent with prior practice.

*/s/ Orlando Rodriguez*

3

**PLAINTIFF'S EXHIBIT INDEX**

| Exhibit | Description |
|---|---|
| **Pltf Ex. A** | Defendants' Exhibit Index and Nesting Map (showing Defs. Exs. 1–4 nested within Pltf 1.6, 1.8, 1.9, 1.10) [previously filed at Doc. 18-1] |
| **Pltf Ex. B** | Incident Video Index (bridge context recordings: Pltf 1.6, 1.8, 1.9, 1.10) [previously filed at Doc. 18-2] |
| **Pltf Ex. C** | Hospital Bridge Context Index (contemporaneous second angle: Pltf 1.14, 1.15 (BWC 16104, Davis)) [previously filed at Doc. 18-3] |
| **Pltf Ex. D** | Supplemental Exhibit Index: Newly Produced Contemporaneous BWC Angles (Wright BWC 13077 [MOCO0225–MOCO0230], Scinicariello BWC 14163 [MOCO0232], BWC 14218 [MOCO0234]) (filed contemporaneously) |
| **Pltf Ex. E** | Crosswalk: Defendants' Doc. 13-1 Bounded Excerpts vs. Plaintiff's Newly Produced Angles (filed contemporaneously) |

Plaintiff's newly produced video exhibits referenced as Pltf Exs. D-1 through D-8 are submitted on a USB drive delivered to the Case Manager for Judge Eskridge. A copy of the USB contents will be provided to Defendants' counsel by the same means.

4