IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

FELIX IRAHETA,

   **Plaintiff,**

v.

MONTGOMERY COUNTY, TEXAS,
DEPUTY JOSEPH MICHAEL O'NIELL,
DEPUTY NICHOLAS ANTHONY SCINICARIELLO,
SPECIALIST TIMOTHY J. BOEREMA,
DEPUTY DAVIS (FIRST NAME UNKNOWN) (BWC 16104),
JOHN DOE (BWC 13603),
JOHN DOE (BWC 15438),
JOHN DOE (BWC 14218),
HOSPITAL/SCENE JOHN DOE DEPUTY,
JAIL JOHN DOE OFFICERS 1-2,
EMILY WADDINGTON (LVN),
ETUGE ANYANGWE (FNP-C),
ZAKARI LOBE (LVN),
ATHER SIDDIQI, MD,

   **Defendants.**

Case No.: 4:26-cv-01355

JURY DEMAND

---

**DEFENDANTS ETUGE ANYANGWE AND
ATHER SIDDIQI'S MOTION FOR JUDGMENT ON THE PLEADINGS**

---

**COMES NOW**, Defendants Etuge Anyangwe and Ather Siddiqi (collectively Medical Defendants), by and through undersigned counsel, respectfully move this Court pursuant to Federal Rule of Civil Procedure 12(c) for an Order entering Judgment on the Pleadings in their favor and dismissing Plaintiff Felix Iraheta's (hereinafter Plaintiff) First Amended Complaint (hereinafter Complaint) with prejudice for missing the two years statute of limtiations to state a claim under Section 1983 and for failure to state a claim upon which relief can be granted.  In support thereof, Medical Defendants show the Court as follows:

**INTRODUCTION & BACKGROUND**

1.      Plaintiff's Complaint asserts claims for constitutional violations under 42 U.S.C. § 1983 against numerous law enforcement officers, medical providers, Montgomery County, and other defendants arising out of Plaintiff's arrest on February 20, 2024, his subsequent hospitalization, and his detention at the Montgomery County Jail until his release on February 21, 2024. Plaintiff alleges, among other things, that the named defendants used excessive force during his arrest and thereafter acted with deliberate indifference to his serious medical needs while he remained in custody.

2.      Specifically, Plaintiff alleges that deputies with the Montgomery County Sheriff's Office used excessive force during a traffic stop, causing Plaintiff to suffer a left shoulder dislocation and fracture. Plaintiff further alleges that following his transport to the hospital and subsequent detention at the Montgomery County Jail, various law enforcement officers and medical providers interfered with or failed to provide constitutionally adequate medical care.

3.      Plaintiff also alleges that Medical Defendants provided and/or oversaw medical care for detainees at the Montgomery County Jail and acted under color of state law during the relevant time period (Plaintiff does not define relevant time period). Plaintiff further alleges, in conclusory fashion, that each individual medical defendant is sued based upon his or her own acts and omissions rather than under a theory of vicarious liability. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 24-25, 28, 30, and 130.

4.      Regarding Defendant Anyangwe, Plaintiff alleges only that he is a family nurse practitioner who "on information and belief" modified jail medical tasks and/or appointments for Plaintiff on February 22, 2024 (the day after Plaintiff was released from jail), including follow-up relating to Plaintiff's hospital clearance and shoulder injury. Plaintiff does not allege that Defendant

Anyangwe personally examined, evaluated, treated, communicated with, or otherwise provided medical care to Plaintiff, nor does Plaintiff allege that Defendant Anyangwe made any treatment decisions affecting Plaintiff while Plaintiff remained in custody. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 28, 80, 126-127.

5.      Regarding Defendant Siddiqi, Plaintiff alleges only that he served as a prescriber and/or approving physician reflected within the jail medical record system and, "on information and belief," had access to or reviewed outside hospital records, approved or countersigned orders, or supervised orders related to Plaintiff's care. Plaintiff does not allege when such acts occurred or that Defendant Siddiqi personally examined Plaintiff, personally communicated with Plaintiff, denied treatment, or personally participated in any clinical decision regarding Plaintiff's care. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 30 and 129.

6.      Moreover, as indicated above, Plaintiff's Complaint alleges that he was released from custody on February 21, 2024. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 1 and 81.

7.      Accepting Plaintiff's allegations as true for purposes of this Motion, the Complaint nevertheless establishes that Medical Defendants could not have personally participated in or been deliberately indifferent to Plaintiff's medical care while Plaintiff was incarcerated.

8.      Count V of Plaintiff's Complaint asserts a claim for deliberate indifference against numerous defendants, including the Medical Defendants. As to Medical Defendants, however, Plaintiff relies primarily upon allegations made "on information and belief" and generalized assertions that they were aware of Plaintiff's medical condition, failed to ensure follow-up care, or supervised medical orders. Plaintiff pleads no facts demonstrating that either Defendant personally engaged in conduct constituting a constitutional violation. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 126-127 and 129-130.

9. Accordingly, Plaintiff fails to state a plausible claim for relief against Medical Defendants under 42 U.S.C. § 1983, and Medical Defendants are entitled to judgment on the pleadings as a matter of law pursuant to Rule 12(c) given the pleadings are closed.

### STANDARD OF REVIEW

10. Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

11. The standard governing a Rule 12(c) motion is identical to the standard applicable to a motion brought under Rule 12(b)(6). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002). Accordingly, the Court accepts all well-pleaded factual allegations as true and views those allegations in the light most favorable to the nonmoving party. However, the Court is not required to accept legal conclusions couched as factual allegations. *Id* at 312.

12. To survive a Rule 12(c) motion, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that offers only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or naked assertions devoid of further factual enhancement is insufficient. *Twombly*, 550 U.S. at 555.

13. Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it demands more than an unadorned accusation that a defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported only by conclusory statements or allegations pleaded "upon information and belief" without sufficient supporting factual content, do not satisfy the federal pleading standard. *Id*. As the Supreme Court explained in *Iqbal*, where the well-pleaded facts do not permit the Court to

infer more than the mere possibility of misconduct, the Complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id* at 679.

14. Because Plaintiff's allegations fail to plausibly establish that either Defendant personally violated Plaintiff's constitutional rights or acted with deliberate indifference to Plaintiff's serious medical needs, judgment on the pleadings should be entered in favor of the Medical Defendants.

15. Applying these standards, Plaintiff's claims against the Medical Defendants fail for three independent reasons. First, Plaintiff's allegations are conclusory, speculative, and unsupported by sufficient factual content to state a plausible claim for relief under Rule 8, *Twombly*, and *Iqbal*. Second, Plaintiff fails to plead facts establishing that either Defendant personally participated in the alleged constitutional deprivation in directly contravention of Plaintiff's allegations that "Plaintiff's claims in this action are asserted against the named individual jail medical defendants based on their own acts and omissions and not on a vicarious-liability theory." ¶¶ 26. Third, even assuming any personal involvement or interaction with Plaintiff, which Plaintiff fails to allege, Plaintiff fails to plausibly allege deliberate indifference to a serious medical need. Judgment on the pleadings is therefore appropriate

## ARGUMENT & AUTHORITIES

**A. Plaintiff added Defendants Etuge and Siddiqi to this lawsuit more than two years after the two year statute of limitations for Section 1983 claims and as a result, Plaintiff's claims against Etuge and Siddiqi are barred as a matter of law**

*16.* The statute of limitations for §1983 suits is two years. *Winzer v. Kaufman County,* 916 F.3d 464, 470 (5th Cir.2019) (citations omitted). Iraheta filed his Original Complaint, which did not name Defendants Etuge and Siddiqi on February 20, 2026. *Doc*

*1*. Iraheta filed his First Amended Complaint, which alleges Section 1983 violations against Defendants Etuge and Irahea, on February 23, 2026. *Doc 4.* Irhata's First Amended Petition alleges that he was released from jail on February 21, 2026. *Doc 4; Complaint at ¶¶ 1, 28, and 80-81.* Any 1983 violation allegedly committed by Defendants Etuge and Siddiqi, by definition, had to occur either before or on the day Iraheta was released from jail, which means the latest possible Section 1983 violation had to have occurred by February 21, 2026. Plaintiff first asserted 1983 claims against Defendants Etuge and Iraheta on February 23, 2026 via his First Amended Original Complaint. *Doc. 4.* Iraheta's claims against Defendants Etuge and Siddiqi are therefore barred as a matter of law.

### B. Plaintiff Fails to Plead Facts Establishing the Personal Involvement of Either Medical Defendant

17.    Liability under 42 U.S.C § 1983 is personal in nature. To state a claim, Plaintiff must plead facts demonstrating that each Defendant, through his own individual actions, violated Plaintiff's constitutional rights. Accordingly, supervisory status, employment with a correctional medical provider, or generalized oversight responsibilities are insufficient to establish liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

18.    Although Plaintiff expressly alleges that the Medical Defendants are sued for their own acts and omissions, Plaintiffs' First Amended Complaint does not plausibly allege that either Defendant personally participated in any constitutional deprivation. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 28, 30, 80, and 129-130.

19.     Instead, Plaintiff relies upon conclusory allegations, speculation, and assertions made "upon information and belief" that fail to satisfy the pleading standards established by Rule 8 and *Twombly* and *Iqbal*. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 28, 30, 80, and 129-130.

***Defendant Anyangwe's Personal Participation***

20.     As to Defendant Anyangwe, Plaintiff alleges only that, "on information and belief," Defendant modified jail medical tasks and/or appointments for Plaintiff on February 22, 2024, including follow-up related to Plaintiff's hospital clearance and shoulder injury. Plaintiff further alleges that Defendant deleted a high-priority follow-up task relating to Plaintiff's shoulder injury. Notably absent, however, are any factual allegations that Defendant personally examined Plaintiff, evaluated Plaintiff's condition, communicated with Plaintiff, prescribed treatment, denied treatment, or otherwise rendered medical care to Plaintiff. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 28, 80, 126-127.

21.     More significantly, Plaintiff's own allegations establish that Plaintiff was released from Montgomery County Jail on February 21, 2024, while Defendant Anyangwe's alleged wrongful acts did not occur until February 22, 2024. *See* Plaintiff's (Doc. 4) Complaint at ¶¶ 1, 28, and 80-81.

22.     Accepting Plaintiff's allegations as true, Defendant Anyangwe's alleged wrongful conduct occurred *after* Plaintiff had already been released from custody. Plaintiff's own pleading forecloses any plausible inference that Defendant Anyangwe personally participated in a wrongful act of depriving Plaintiff of a constitutional right..

23.     Plaintiff does not allege what tasks were modified, why they were modified, or how such modification, which occurred *after* Plaintiff's release, could have deprived Plaintiff of a constitutional right.   Instead, Plaintiff merely recites the legal conclusion that Defendant deleted

a follow-up task without pleading factual content permitting the Court to reasonably infer unconstitutional conduct. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 28, 80, 126-127.

24.    Such conclusory allegations are insufficient to establish Defendant Anyangwe's personal participation in a constitutional violation and at the same time, paradoxically, prove that Defendant Anyangwe could not have deprived Plaintiff of a constitutional right.

25.    Accordingly, Plaintiff has failed to state a plausible claim against Defendant Anyangwe under § 1983.

***Defendant Siddiqi's Personal Participation***

26.    Plaintiff's allegations against Defendant Siddiqi are even more attenuated.

27.    Plaintiff alleges only that Defendant Siddiqi served as a "prescriber and/or approving physician" within the jail medical record system and, "upon information and belief," had access to outside hospital records, reviewed medical records, approved or countersigned orders, or supervised orders related to Plaintiff's care. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 30 and 129.

28.    Notably, the Complaint does not identify a single medical order authored or approved by Defendant Siddiqi, a single treatment decision made by Defendant Siddiqi, a single communication between Defendant Siddiqi and Plaintiff, or a single occasion upon which Defendant Siddiqi personally evaluated and/or treated Plaintiff, or otherwise participated in Plaintiff's medical care during Plaintiff's incarceration. Nor does Plaintiff allege *when* Defendant Siddiqi supposedly reviewed Plaintiff's records, what information he reviewed, what decisions he allegedly made and when, or how any act or omission by Defendant Siddiqi caused Plaintiff to suffer a constitutional deprivation and/or harm.

29.     Instead, Plaintiff strings together a series of speculative allegations using phrases such as "upon information and belief," "had access to," "and/or reviewed," "approved, countersigned, or supervised," and "failed to ensure." *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 30 and 129.

30.     More importantly, Plaintiff's own allegations establish that Plaintiff remained in custody for less than twenty-four hours and was released on February 21, 2024. Plaintiff nevertheless fails to allege a single factual allegation placing Defendant Siddiqi into Plaintiff's care at any point during that period. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 1, 30, 81, and 129.

31.     Collectively, these allegations do not describe affirmative conduct, they describe possibilities, but Plaintiff never alleges that Defendant Siddiqi actually undertook any affirmative act that deprived Plaintiff of a constitutional right. Plaintiff's own allegations therefore foreclose any plausible inference that Defendant Siddiqi personally deprived Plaintiff of a constitutional right.

32.     The Supreme Court has made clear that Rule 8 requires more than the possibility that a defendant acted unlawfully. *Iqbal*, 556 U.S. at 678. Here, Plaintiff's allegations invite the Court to speculate that because Defendant Siddiqi served in a supervisory medical role, he must have participated in Plaintiff's alleged constitutional deprivation. § 1983, however, does not permit liability based upon such speculation or upon a defendant's supervisory position alone. *See Monell*, 436 U.S. at 691; *see also Sanders v. C E O C LLC*, 586 F. Supp. 3d 519, 527 (W.D. La. 2022

33.     To state a claim under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant. *See Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

34.     Because Plaintiff's own allegations fail to place Defendant Siddiqi in charge of Plaintiff's medical care during Plaintiff's incarceration, and because the Complaint alleges no affirmative act taken by Defendant Siddiqi during Plaintiff's incarceration that could have deprived Plaintiff of a constitutional right, Plaintiff has failed to state a plausible § 1983 claim against Defendant Siddiqi.

**C. Even Assuming Plaintiff Adequately Alleged Personal Involvement, the Complaint Still Fails to Allege Deliberate Indifference.**

35.     Even assuming arguendo, that Plaintiff has sufficiently alleged the personal involvement of the Medical Defendants (which is strenuously denied), the Complaint nevertheless fails because it does not plausibly allege that either Defendant acted with deliberate indifference to Plaintiff's serious medical needs.

36.     Because Plaintiff was a pretrial detainee, his claim arises under the Fourteenth Amendment's Due Process Clause. To state a claim for constitutionally inadequate medical care, Plaintiff must plausibly allege both (1) an objectively serious medical need and (2) that each Defendant acted with deliberate indifference to that need. *See Hare v. City of Corinth*, 74 F.3d 633, 642–50 (5th Cir. 1996). The subjective component requires allegations that the defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, actually drew that inference, and consciously disregarded the risk. *See Farmer v. Brennan*, 511 U.S. 825 (1994).

37.     Deliberate indifference is an "extremely high standard to meet." *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

38.     Plaintiff's allegations fall well short of this demanding standard.

39.     Rather than alleging facts demonstrating that either Defendant intentionally denied Plaintiff necessary medical care, intentionally delayed treatment, refused physician-ordered treatment, or otherwise consciously disregarded a known substantial risk of serious harm, Plaintiff repeatedly alleges only that Medical Defendants "failed to ensure" that certain evaluations, follow-up care, reassessments, accommodations, or stabilization measures occurred. These repeated allegations, even if accepted as true, sound in negligence, not deliberate indifference. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 28 30, 80, 126-127, 129, and 130.

40.     Plaintiff likewise alleges that Defendant Anyangwe deleted a follow-up task and that Defendant Siddiqi failed to ensure provider-level reassessment occurred. However, the Complaint contains no factual allegations explaining why those alleged actions, or inactions, were medically inappropriate; whether Plaintiff remained in custody at the time of the alleged conduct, particularly as Plaintiff affirmatively alleges he was released on February 21, 2024; whether additional treatment was requested or denied; or whether either Defendant intentionally interfered with physician-directed care. The Complaint instead asks the Court to infer deliberate indifference solely from the existence of administrative tasks and generalized allegations that follow-up care should have occurred despite Plaintiff's apparent release from custody. Such allegations are insufficient as a matter of law. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 28, 30, 80, 126-127, 129, and 130.

41.     The Constitution does not guarantee perfect medical care, nor does it impose liability whenever medical treatment could have been handled differently. Even assuming mistakes occurred in the coordination of Plaintiff's medical care, allegations of negligence, carelessness, poor judgment, or malpractice do not state a constitutional claim under § 1983. *Gobert*, 463 F.3d

at 346 ("[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference.").

42.     Moreover, Plaintiff's allegations against Defendant Siddiqi are premised almost entirely upon assertions that he "had access to," "reviewed," "approved," "countersigned," or "supervised" medical orders. Plaintiff never alleges that Defendant Siddiqi actually exercised medical judgment regarding Plaintiff, denied requested treatment, overrode another provider's recommendations, or otherwise became personally involved in Plaintiff's care during Plaintiff's incarceration. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 30 and 129.

43.     Plaintiff asks the Court to infer Defendant Siddiqi's personal involvement solely because his name allegedly appeared within the jail's medical record system. This is not enough to state a claim for constitutionally inadequate medical care.

44.     Likewise, Plaintiff's allegations against Defendant Anyangwe rest upon the assertion that he modified or deleted a follow-up task. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 28, 80, and 126-127. This is also not enough to state a claim for constitutionally inadequate medical care.

45.     None of Plaintiff's allegations plausibly establish that either Defendant consciously disregarded a substantial risk of serious harm. Rather, Plaintiff merely invites the Court to speculate that because Defendants held positions within the jail's medical system, they must have acted with deliberate indifference. Such speculation is insufficient under Rule 8 and *Twombly*.

46.     Plaintiff further alleges that Defendants failed to ensure continuity of care, provider-level reassessment, stabilization accommodations, and implementation of outside-hospital discharge instructions. *See* Plaintiff's Complaint (Doc. 4) at ¶¶ 30, 80, 126-127, and 129-130.

47.     However, § 1983 imposes liability only for a defendant's own unconstitutional conduct, not for a generalized failure to supervise, oversee, or guarantee the actions of other healthcare providers or jail personnel. Allegations that a defendant "failed to ensure" another person acted appropriately do not, standing alone, plausibly establish deliberate indifference. *See Iqbal*, 556 U.S. at 676; *see also Monell,* 436 U.S. at 691.

48.     Because Plaintiff has failed to plead facts demonstrating that either Defendant knowingly disregarded a substantial risk of serious harm, Count V  of Plaintiff's Complaint fails to state a plausible claim for deliberate indifference against Medical Defendants Etuge or Siddiqi.

49.     Accordingly, because Plaintiff has failed to plausibly allege that Medical Defendants Etuge or Siddiqi knowingly disregarded a substantial risk of serious harm, they are entitled to judgment on the pleadings pursuant to Rule 12(c).

## D.  Dismissal with Prejudice

50.     Plaintiff has already amended his Complaint and continues to rely upon speculative and conclusory allegations that fail to state a plausible claim against Medical Defendants Etuge or Siddiqi. Because the allegations fail to establish the essential elements of personal participation and deliberate indifference, and because Plaintiff has already been afforded an opportunity to amend, further amendment would be futile.

51.     Accordingly, Medical Defendants Etuge or Siddiqi respectfully request that judgment on the pleadings be entered in their favor and that Plaintiff's claims against them be dismissed with prejudice.

## CONCLUSION

52.     For the foregoing reasons, Plaintiff's Complaint fails to plausibly allege that Medical Defendants Etuge or Siddiqi personally participated in any constitutional deprivation or acted with deliberate indifference to Plaintiff's serious medical needs.

53.     Accordingly, Medical Defendants Etuge and Siddiqi respectfully request that the Court enter judgment on the pleadings in their favor pursuant to Rule 12(c) and dismiss all claims asserted against them with prejudice.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants Etuge Anyangwe and Ather Siddiqi, respectfully request that this Court grant their Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c); dismiss with prejudice all claims asserted against them; and award Medical Defendants their costs of court and such other and further relief as this Court deems just, proper, and necessary.

July 28, 2026

Respectfully submitted,

SEGAL MCCAMBRIDGE SINGER & MAHONEY

*/s/ Wesley T. Welmaker*
Wesley T. Welmaker
State Bar No. 00795826
wwelmaker@smsm.com
One Riverway, Suite 1625
Houston, Texas 77059
Phone: (713) 333-7600
Fax: (713) 333-7601

***Attorney for Defendants***
***Etuge Anyangwe and Ather Siddiqi***

**<u>CERTIFICATE OF CONFERENCE</u>**

This is to certify that I attempted to confer with Orlando Rodriguez, attorney for Plaintiff, Felix Iraheta, on July 23, 2026 regarding the foregoing Motion for Withdrawal and Substitution of Counsel, and he stated that he is opposed.

This is to certify that I conferred with Daniel Plake, attorney for Defendant Montgomery County, on July 23, 2026 regarding the foregoing Motion for Withdrawal and Substitution of Counsel, and he stated that he is unopposed.

This is to certify that I conferred with Daniel Plake, attorney for Defendant Joseph Michael O'Neill, on July 23, 2026 regarding the foregoing Motion for Withdrawal and Substitution of Counsel, and he stated that he is unopposed.

This is to certify that I attempted to confer with Daniel Plake, attorney for Defendant Nicholas Anthony Scinicariello, on July 23, 2026 regarding the foregoing Motion for Withdrawal and Substitution of Counsel, and he is unopposed.

*/s/Wesley T. Welmaker*
Wesley T. Welmaker

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served to all parties of record electronically via CM/ECF on  July 28, 2026.

*/s/Wesley T. Welmaker*
Wesley T. Welmaker