**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FELIX IRAHETA, | § | Civil Action No. 4:26-cv-01355 |
| | § | |
| *Plaintiff,* | § | |
| | § | Jury Demanded |
| v. | § | |
| | § | |
| MONTGOMERY COUNTY, TEXAS, et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**Plaintiff's Response in Opposition to Defendants Anyangwe and Siddiqi's
Motion for Judgment on the Pleadings (Doc. 63)**

**COVER SHEET**

**Moving Parties:** Defendants Etuge Anyangwe, FNP-C, and Ather Siddiqi, MD.

**Relief Requested by Moving Parties:** Judgment on the pleadings and dismissal with prejudice under Rule 12(c). (Doc. 63).

**Relief Requested by Plaintiff:** Denial of Doc. 63 in full; alternatively, leave to amend if the Court identifies any pleading deficiency.

**Note:** The Motion refers to Defendant Anyangwe as "Defendant Etuge" throughout and at one point seeks judgment for "Defendants Etuge and Iraheta." Doc. 63 ¶ 16. Plaintiff responds as though the Motion refers to Defendants Anyangwe and Siddiqi.

**TABLE OF CONTENTS**

Introduction ...................................................................................................... 4

Standard of Review ........................................................................................... 4

Argument ........................................................................................................... 5

A. The limitations defense was withdrawn in open court........................... 5

B. The Complaint pleads Dr. Siddiqi's personal participation during Plaintiff's
custody. ........................................................................................................... 5

C. The claim against Nurse Practitioner Anyangwe rests on the custodial episode.
The deletion proves what the medical unit knew. ....................................... 6

D. The Complaint pleads deliberate indifference, not negligence. ........................... 8

E. The information-and-belief allegations are proper because the Defendants hold
the records. ..................................................................................................... 9

F. Dismissal with prejudice would be improper...................................................... 10

G. The certificate of conference addresses a different motion. ...............................11

Conclusion .......................................................................................................11

Prayer ...............................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415 (5th Cir. 2017) .. 8, 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 6

*Easter v. Powell*, 467 F.3d 459 (5th Cir. 2006) ........................................................ 9

*Estelle v. Gamble*, 429 U.S. 97 (1976) .................................................. 4, 7, 11

*Ford v. Anderson County, Texas*, 102 F.4th 292 (5th Cir. 2024).................................. 6

*Gobert v. Caldwell*, 463 F.3d 339 (5th Cir. 2006) ........................................................ 9

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002)............................................................................................................ 4, 6

*Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999)........................................................ 9

*Innova Hospital San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719 (5th Cir. 2018) ..................................................................................... 10

*James v. Smith*, No. 23-30553 (5th Cir. Aug. 29, 2025)................................. 7, 8, 9, 10

*Monell v. Department of Social Services*, 436 U.S. 658 (1978) ..................................... 6

*Robinson v. Midland County, Texas*, 80 F.4th 704 (5th Cir. 2023) .............................. 9

*Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586 (5th Cir. 2016).................................. 11

**Statutes and Rules**

Fed. R. Civ. P. 6(a)(1)(C)....................................................................................... 5

Fed. R. Civ. P. 12(c) ............................................................................................ 4

Fed. R. Civ. P. 15(c) ............................................................................................ 8

Tex. Civ. Prac. & Rem. Code § 16.072.................................................................... 5

## INTRODUCTION

1. The Motion's limitations defense did not survive the initial pretrial conference. Its remaining arguments do not survive the Complaint.

2. Three times the Motion misreads the pleading it attacks. It says Plaintiff "does not allege when" Dr. Siddiqi acted. The Complaint alleges he approved orders "placed for Plaintiff during Plaintiff's custody." Doc. 4 ¶ 30. It says Plaintiff pleads no affirmative act by Nurse Practitioner Anyangwe. The Complaint pleads the act, the actor, the date, and the object: he deleted the high-priority follow-up task created during custody for Plaintiff's diagnosed shoulder dislocation. Doc. 4 ¶¶ 79, 80. It says the allegations sound in negligence. The Supreme Court holds that deliberate indifference includes "intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

3. The Court should deny the Motion.

## STANDARD OF REVIEW

4. A Rule 12(c) motion is reviewed under the Rule 12(b)(6) standard. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312-13 (5th Cir. 2002). The Court accepts the well-pleaded facts, views them in Plaintiff's favor, and draws every reasonable inference for him. Judgment on the pleadings requires that no material fact remain in dispute and that the movant win as a matter of law. *Id*.

## ARGUMENT

### A. The limitations defense was withdrawn in open court.

5. Part A argued the claims are time-barred. At the July 29, 2026 initial pretrial conference, counsel for the Medical Defendants withdrew that argument in open court, and the Court acknowledged the withdrawal. In any event, on the Motion's own accrual dates the two-year deadline fell on a weekend and extended to Monday, February 23, 2026, the day Plaintiff filed the First Amended Complaint. Fed. R. Civ. P. 6(a)(1)(C); Tex. Civ. Prac. & Rem. Code § 16.072; Doc. 4.

### B. The Complaint pleads Dr. Siddiqi's personal participation during Plaintiff's custody.

6. The Motion asserts that Plaintiff "does not allege when such acts occurred." Doc. 63 ¶ 5. Not so. The Complaint alleges Dr. Siddiqi "served as a prescriber and/or approving physician reflected in the jail medical record system for orders placed for Plaintiff during Plaintiff's custody." Doc. 4 ¶ 30. The timing appears on the face of the paragraph the Motion cites.

7. The surrounding allegations give that timing content. Custody lasted roughly one day. At approximately 02:44 on February 21, 2024, a medication order entered the jail record "per hospital paper work." Doc. 4 ¶ 78. The record stream documented a left shoulder dislocation with an associated fracture and discharge instructions prescribing immobilization, orthopedic follow-up, and pain management. Doc. 4 ¶¶

70, 71, 77. The Complaint alleges Dr. Siddiqi approved, countersigned, or supervised orders reflecting that condition, giving him actual awareness of the serious medical need. Doc. 4 ¶ 129.

8. The reasonable inference follows: the physician who approves orders entered during a one-day custody acts during that custody, knowing what the orders document. A physician's knowledge of the condition and of his own orders establishes his subjective knowledge of the risk. *Ford v. Anderson County, Texas*, 102 F.4th 292, 308 (5th Cir. 2024). On this motion, the inference belongs to Plaintiff. *Great Plains*, 313 F.3d at 313.

9. The Motion's authorities miss the mark. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), and *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), bar vicarious liability. The Complaint disclaims vicarious liability and sues each medical defendant "based on their own acts and omissions." Doc. 4 ¶ 26. Naming the approving physician on identified custody orders does not plead supervisory status. It pleads participation.

### C. The claim against Nurse Practitioner Anyangwe rests on the custodial episode. The deletion proves what the medical unit knew.

10. Plaintiff spent roughly one day in the County's custody with a diagnosed fracture and dislocation. His treating physician ordered immobilization, orthopedic follow-up, and pain management. Doc. 4 ¶ 70. In custody he received none of it: no sling,

no provider-level reassessment, no stabilization accommodations. Doc. 4 ¶¶ 71 to 77A.

11. The medical unit knew. During custody, on February 21, 2024, a high-priority clinical follow-up task entered the record system, "described as follow-up from hospital clearance for custody related to shoulder dislocation, and scheduled for February 22, 2024." Doc. 4 ¶ 79. The Complaint alleges Defendant Anyangwe had "actual awareness of Plaintiff's serious medical need as reflected by the high-priority follow-up task." Doc. 4 ¶ 126.

12. The deletion proves the knowledge. On February 22, 2024, Defendant Anyangwe deleted that task "without ensuring that an appropriate provider-level evaluation occurred." Doc. 4 ¶ 80. A provider does not delete a high-priority task he knows nothing about. The deletion supports the inference that the jail's provider-level staff, including Defendant Anyangwe, knew of the injury and the ordered follow-up while Plaintiff sat in their care. That inference, too, belongs to Plaintiff. The Fifth Circuit treats manipulation of jail medical records around prescribed care as evidence of deliberate indifference, not negligence. In *James v. Smith*, jail records reflected prescribed wound care that was never delivered, and the court held that staff entering notes showing care the detainee never received "would evidence deliberate

indifference to his serious medical needs." No. 23-30553, slip op. at 18 (5th Cir. Aug. 29, 2025).

13. *Estelle* condemns "intentionally interfering with the treatment once prescribed." 429 U.S. at 104-05. The treating physician prescribed the treatment during custody. The task was the jail's mechanism for delivering it. The jail never delivered it, and Defendant Anyangwe extinguished it. The deletion did not delete the duty. It documented the disregard.

14. Plaintiff will not overstate the timing. As Plaintiff acknowledged at the initial pretrial conference, the deletion followed Plaintiff's release. If the Court concludes that timing forecloses the claim against Defendant Anyangwe as pleaded, dismissal should be without prejudice, with leave to replead. *See James*, slip op. at 23-24 (remanding with instructions to modify the dismissal to be without prejudice where the plaintiff lacked the discovery needed to plead crucial elements); *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 423-24 (5th Cir. 2017). The audit trail that will show any in-custody involvement by Defendant Anyangwe rests exclusively with the Defendants and the County. Because Defendant Anyangwe is already a party, a repleaded claim relates back under Rule 15(c). Limitations poses no obstacle. The only question is what the audit trail shows.

### *D. The Complaint pleads deliberate indifference, not negligence.*

15. The Motion isolates the phrase "failed to ensure," calls it negligence, and stops. The Complaint pleads the subjective prong directly: actual awareness, drawn from the task as to Defendant Anyangwe and from the records and orders as to Dr. Siddiqi. Doc. 4 ¶¶ 126, 129.

16. The Fifth Circuit sustains claims on these facts. A provider who knows a treating physician's instructions and disregards them states a claim. *Harris v. Hegmann*, 198 F.3d 153, 159-60 (5th Cir. 1999). A nurse who knows of a serious condition and fails to follow the prescribed course of treatment states a claim. *Easter v. Powell*, 467 F.3d 459, 463-65 (5th Cir. 2006). In *James*, the Fifth Circuit reversed summary judgment for jail physicians where prescribed twice-weekly wound care went undelivered for more than six weeks. Slip op. at 13-19. An official who "deliberately broke with the standard course of treatment" crosses the line. *Robinson v. Midland County, Texas*, 80 F.4th 704, 711 (5th Cir. 2023). Here the treating physician ordered immobilization, follow-up, and pain management, and the jail's providers implemented none of it. Doc. 4 ¶¶ 70 to 77A.

17. *Gobert* does not shield this. *Gobert* protects medical judgment exercised, even when treatment fails. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The

Complaint pleads no examination, no evaluation, no treatment decision. *Gobert* shields providers who treat. It does not shield providers who delete the appointment.

18. The Constitution does not guarantee perfect care. Plaintiff does not allege imperfect care. He alleges no care.

### E. The information-and-belief allegations are proper because the Defendants hold the records.

19. The Fifth Circuit permits pleading on information and belief where the facts sit peculiarly within the opposing party's knowledge and the pleading supplies a factual foundation. *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726-30 (5th Cir. 2018).

20. Both conditions are met. The foundation is specific to the minute: a medication order timestamped 02:44 to 02:45, a task designated high priority, a task description quoting the record system, a scheduled follow-up date, and intake modules displaying "No Records." Doc. 4 ¶¶ 76 to 79. The qualifiers cover the one fact Plaintiff cannot yet see: who clicked delete. That answer sits in the Defendants' audit trail. A plaintiff who pleads the defendants' own records to the minute has done more than Rule 8 asks.

### F. Dismissal with prejudice would be improper.

21. The Motion seeks prejudice because Plaintiff "has already been afforded an opportunity to amend." Doc. 63 ¶ 50. Plaintiff amended once, as a matter of course, before any responsive pleading and before any court identified any deficiency. No ruling has found this Complaint wanting. Prejudice is reserved for a plaintiff who has pleaded his best case and still fails. *Alderson*, 848 F.3d at 423-24; *James*, slip op. at 23-24. That is not this record.

22. The Complaint states its claims, and the Court should deny the Motion outright. In the alternative only, Plaintiff requests leave to amend and states the particulars. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590-91 (5th Cir. 2016). An amended pleading would add: (1) record citations from the Defendants' own production for the medication order, the high-priority follow-up task, its scheduled date, and its deletion; (2) the audit-trail entries identifying the user, date, and time of each task creation, modification, and deletion relating to Plaintiff's shoulder follow-up; and (3) the specific orders Dr. Siddiqi approved, countersigned, or supervised during Plaintiff's custody, as reflected in the jail medical record system.

### G. The certificate of conference addresses a different motion.

23. The certificate certifies conferral regarding a "Motion for Withdrawal and Substitution of Counsel" and recites the County defendants' positions on that

motion. Doc. 63 at 15. It does not certify conference on this Motion. Plaintiff notes the defect and confirms that he is, and has been, opposed.

## CONCLUSION

24. The limitations defense is withdrawn. Dr. Siddiqi approved custody orders with the records of the fracture before him. Defendant Anyangwe deleted the follow-up those orders required. The Complaint pleads both, and *Estelle* condemns both. The Court should deny the Motion.

## PRAYER

Plaintiff Felix Iraheta respectfully requests that the Court deny Defendants Anyangwe and Siddiqi's Motion for Judgment on the Pleadings (Doc. 63) in its entirety and grant all other relief to which he is entitled. In the alternative only, Plaintiff requests leave to amend as stated in paragraph 22.

Respectfully submitted,

_____

Orlando Rodriguez
State Bar No. 24037382
S.D. Tex. Bar No. 3944531
700 Louisiana Street, 39th Floor, Suite 3950
Houston, Texas 77002
Telephone: (713) 239-2300
Email: efile@orodriguezlaw.com

*Attorney for Plaintiff Felix Iraheta*

**CERTIFICATE OF WORD COUNT**

I certify that this Response contains approximately 1,797 words, exclusive of the caption, cover sheet, table of contents, table of authorities, signature block, and certificates, in compliance with the Court's word-count requirements.

*/s/ Orlando Rodriguez*
Orlando Rodriguez

**CERTIFICATE OF SERVICE**

I certify that on the date this Response was filed with the Court, a true and correct copy was served on all counsel of record through the Court's CM/ECF system.

*/s/ Orlando Rodriguez*
Orlando Rodriguez